IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2019 MAY 13 PM 4:15
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Norman Peck,<br>    Plaintiff,<br><br>v.<br><br>REV-1 Solutions, LLC,<br>    Defendant | Case No. 1:18-cv-03989 |

## JUDICIAL NOTICE

The plaintiff, Norman Peck, gives judicial notice of the following.

### A. Federal Rules of Civil Procedure, Rule 1

Peck again[1] invokes his right to secure just, speedy, and inexpensive determinations throughout this civil action and its proceedings. Peck received by post a document (dated 5 April 2019) indicating that his 12 December 2018 MOTION TO ALLOW ELECTRONIC FILINGS was denied. Peck asserts that ECF filings are much less expensive and much speedier than postal filings.[2] Additionally, it is unjust to allow one party in a civil proceeding and deny the other party to see what is actually in the electronic record.

---

[1] Peck's COMPLAINT (fn.8) re: Fed. R. Civ. P. 1. Compare with the attached motions and memoranda concerning access to the ECF system and filing fees, which Peck files today.

[2] The 5 April 2019 document also stated that "Plaintiff's Motion to Proceed *In Forma Pauperis* (Filing No. 2) is GRANTED", while simultaneously stating that Peck's *in forma pauperis* status might end ("plaintiff remains liable for the full fees") and citing 28 USC § 1915(a) and *Robbins v. Switzer*, 104 F.3d 895 (re: the prepayment of filing fees by prisoners) to *Peck v. REV-1*. Peck is nor every was a prisoner. The 5 April 2019 document does not provide law pertaining to the prepayment and filing fees of *in forma pauperis* litigants in civil actions that do not involve criminal matters.

## B. Findings of fact and conclusions of law

The federal appellate courts have made conclusions of law on numerous issues and expect the lower courts under their jurisdiction to heed their appellate conclusions and apply them to the facts brought before the trial court by the litigants. The United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States have opined about debt-collection practices. In his COMPLAINT, Peck brought to the COURT relevant, material, and particularized caselaw. Peck has given notice to the COURT of his findings of fact and conclusions of law and encourages the defendant to do likewise. Peck requests that the COURT make proper amendments or additions to the parties' findings of fact and conclusions of law if such amendment or addition is needed. FRCP 52(b). Peck asserts that he has sufficiently carried the burden of establishing the genuine issues of material facts in this case and is entitled to judgment.[3]

## C. Non-consent to 28 USC § 636(c) proceedings

28 USC §636(c) authorizes a magistrate judge to conduct a civil-matter proceeding—if all parties consent:

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. [28 USC §636(c)(1)]

The Seventh Circuit has stressed that the parties' valid consent—which must be explicit, clear, and unambiguous—is essential to §636(c)'s constitutionality.[4] Consent is

---

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) at 322–24, 106 S.Ct. 2548 at 2552–53. *Liberty Lobby*, 477 U.S. at 247–48, 106 S.Ct. at 2510. *Avco Fin. Servs. of Indianapolis, Inc. v. Metro Holding Co.*, 563 N.E.2d 1323 (Ind.Ct.App. 1990) at 1326.
[4] *Silberstein v. Silberstein*, 859 F.2d 40 (7th Cir. 1988).

requisite for jurisdiction under 28 USC §636(c).[5] Peck does not consent to a magistrate judge conducting any proceeding in this civil matter, whether specially designated or not. Note, for instance, that the parties' express consent is also needed before referring a case to a magistrate under Sec. 636.[6] FRCP 73 is synchronous with 28 USC §636(c):

> When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c). To signify their consent, the parties must jointly or separately file a statement consenting to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral. [FRCP 73(b)(1)][7]

Notwithstanding any provision of law to the contrary,

> "[T]he inherent defect [with magistrate rulings] is the lack of assurance that the full power of the district court will be exercised to rehear the evidence on credibility issues that may be central in the case. Under the de novo determination rule, the district court may give some deference to the findings of magistrates. The plan contains at least the potential for district judges to engage in routine and cursory examinations, so that decisions nominally made by district judges will in fact be those of the magistrate. * * * The statutory safeguards are the power of the district judges to cancel references for good cause, **and the requirement of litigant consent** [emphasis added]. 28 U.S.C. Secs. 636(c)(1), (2), (6)." [*Pacemaker Diagnostic v. Instromedix*, 725 F.2d 537 (9th Cir. 1984) (citing *United States v. Raddatz*, 447 U.S. 667 (1980) at 683 & fn.11, 100 S.Ct. 2406 at 2416 & fn.11)]

*Pacemaker* also quoted "a House Report that cases which do not require sophisticated legal knowledge should be given to magistrates, rather than to Article III judges":

> [A]t their choice, parties can utilize the particular advantages of magistrates and judges. There are cases which do not require

---

[5] *San Vicente v. American Principals*, 865 F.2d 1128 (9th Cir. 1989).

[6] *Silberstein v. Silberstein*, 859 F.2d 40 (7th Cir. 1988).

[7] The Federal Rules of Civil Procedure use the word "referral" only in FRCP 73(b)(1) & (3) and in FRCP 55(b)(2).

> those special attributes of Article III judges, but nonetheless do require an impartial generalist to resolve issues of importance to the parties. [H.Rep. No. 1364, 95th Cong., 2d Sess. 12 (1978)]

Because of the sophisticated nature of this civil action, Peck chooses to utilize the special attributes and sophisticated legal knowledge of an Article III judge, uncorrupted by the generalist conclusions of an Article I magistrate judge. Peck consents only to having a properly authorized Article III judge hear all proceedings, read all the filings (*e.g.*, FRCP 7(a) pleadings), make all judicial recommendations, and issue all judicial findings of fact. Peck certainly does not consent to "proposed findings or recommendations". 28 USC §636(b)(1).

The power to adjudicate private rights must be vested in an Article III court.[8] The Seventh Circuit is one of at least twelve circuit courts that have upheld Sec. 636(c)'s constitutionality against arguments that it improperly vests the judicial power of the United States in non–Article III judges.

The Seventh Circuit has stated that there is no virtue in permitting its jurisdiction to depend on inferences when both the statute and common sense call for precision.[9] Precisely said, Peck does not ask permission. He expressly denies consent to §636 proceedings. Notwithstanding any provision of law to the contrary, the plaintiff protects his "voluntariness".[10] Magistrate judges lack the power to deal with this matter since consent is jurisdictional by terms of the statute.[11]

---

[8] *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982) at 77 citing *Crowell v. Benson*, 285 U.S. 22 (1982) at 51-65. Compare with the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011), slip op. at 4 (syllabus): "matters 'of private right, that is, of the liability of one individual to another under the law as defined.' *Crowell* v. *Benson*, 285 U. S. 22, 50, 51."
[9] *Silberstein* (quoting *Alaniz v. California Processors, Inc.*, 690 F.2d 717 (9th Cir. 1982) at 720).
[10] 28 USC §636(c)(2).
[11] *San Vicente*, 865 F.2d 1128 citing *Ambrose v. Welch*, 729 F.2d 1084 (6th Cir.1984) at 1085.

### D. Non-oral hearings

Federal court rules contain no requirement for oral hearings on motions, but they do authorize non-oral (written) submissions. Fed. R. Civ. P. 78. "A party may request oral argument by filing a separate motion explaining why oral argument is necessary". S.D. Ind. L.R. 7-5(a). Peck did not and will not request oral hearings; they are unnecessary. Oral arguments unduly impose on everyone's time and give attorneys an unfair advantage over *pro se* litigants. Many attorneys are known for making irrelevant, off-the-cuff statements; some illegally meet with judicial officers absent the presence of the opposing party; some have been known to introduce hearsay into evidence at these *ex parte* gatherings. Furthermore, Peck gave notice that he has no means of travel to and from the COURT. COMPLAINT at 3.

An Article III district judge's FRCP 78(b) rule or order for the submission and determination of filings without oral hearings permits the district judge to read of filings at leisure. Everyone benefits when judicial discretion is utilized to (1) avoid the constraints of scheduled hearings and (2) make measured and well-reasoned determinations.

### E. Non-waiver of rights

Peck timely asserts his rights before this Article III tribunal, which has jurisdiction over this case. *Stern v. Marshall*, 564 U.S. 462 (2011), slip op. at 16 (Roberts opinion) citing *United States* v. *Olano*, 507 U. S. 725 (1993) at 731 and *Yakus v. United States*, 321 U. S. 414 (1944) at 444. Peck does not waive any of his fundamental, lawful, or legal rights.

Respectfully submitted,

_____  _____9 MAY 2019_____
Norman Peck, Plaintiff              Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None

## Certificate of Service

I hereby certify my delivery of this JUDICIAL NOTICE today by

- filing it by first-class U.S. Mail (certification #7018 0360 0000 2429 3416) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204, and

- serving it by first-class U.S. Mail to REV-1 Solutions, 517 US Highway 31N, Greenwood, Indiana 46142-3932.

_____  _____9 MAY 2019_____
Norman Peck, Plaintiff              Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com