FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2019 OCT 16 PM 4: 34
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Norman Peck,<br>    Plaintiff, | Case No. 1:18-cv-03989 RLY-TAB |
| v. | |
| REV-1 Solutions, LLC,<br>    Defendant | |

## PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Plaintiff Peck today timely files this RESPONSE to DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE ("MOTION TO DISMISS") and DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT ("BRIEF IN SUPPORT").[1] Peck challenges Defendant's filings.[2]

### BACKGROUND

On 14 December 2017 Peck received a debt collection letter dated 12 December 2017 from REV-1 Solutions ("REV-1"), which violated the Fair Debt Collection Practices Act[3] in several ways. Peck attempted to engage Defendant in civil discourse and keep this matter out of court. REV-1, however, was uncommunicative, even refusing to validate the purported debt. On 15 November 2018, Peck mailed his NOTICE OF PENDING LAWSUIT to REV-1, with a draft of *Peck v. REV-1 Solutions* attached, and waited an appropriate length of time for a response. Having still received nothing, on the last day (12 December 2018) of the one-year timeframe authorized by 15 USC § 1692k(d), Peck brought this action into an appropriate United States district court "within one year from the date on which the violation occurs" in accordance with the instructions

---

[1] Although both documents certify that on September 20, 2019 they were "sent a copy via USPS First Class Mail" to Peck, the envelope is postmarked "09/23/2019". Peck received these two documents in the mail on Monday, 30 September 2019.
[2] This CHALLENGE is much more prompt than the many months Defendant needed to file MOTION TO DISMISS and BRIEF IN SUPPORT.
[3] United States Code, title 15, chapter 41, subchapter V, sections 1692–1692p.

of the Fed.R.Civ.P. 5(d)(2): "A paper is filed by delivering it: (A) to the clerk". Peck filed his COMPLAINT and MOTION FOR FED. R. CIV. P. 4(c)(3) SERVICE[4] by delivering to the district clerk via USPS certified mail.[5] As Peck said in his COMPLAINT:

> he commences in a district court appropriate for enforcing Debt Collection Practices liabilities within one year from the date that Peck received notification of REV-1's FDCPA violations. He files this FRCP 7(a)(1) pleading by delivering it—via USPS certified mail #7009 1410 0001 0556 0294—to the district clerk in a manner prescribed by the Federal Rules of Civil Procedure. [COMPLAINT at 2.]
>
> I hereby certify my delivery of this original COMPLAINT by U.S. Mail (certification #7009 1410 0001 0556 0294) to the clerk of this COURT. [COMPLAINT at 24.][6]

After ten months, Defendant is finally raising a defense. The first sentence of MOTION TO DISMISS makes it clear that it has retained legal counsel to represent it.

## DISCUSSION

Defendant's MOTION TO DISMISS asserts that (1) 15 USC § 1692k(d)'s one-year timeframe[7] expired and (2) Peck failed to state a claim upon which relief can be granted (*i.e.*, Fed.R.Civ.P. 12(b)(6)). Compare with COMPLAINT at 3: "This COMPLAINT survives a motion to dismiss under FRCP 12(b)(6)". In support of this statement Peck cited *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), *Warth v.*

---

[4] Peck received nothing from the district clerk indicating how many days passed before the Court served summons on Defendant per Peck's MOTION FOR FED. R. CIV. P. 4(c)(3) SERVICE OF COMPLAINT, SUMMONS, AND RULE 4 NOTICE LAWSUIT AND REQUEST TO WAIVE SERVICE.

[5] In this same envelope Peck filed other paperwork, none of which are relevant to matters raised in Defendant's recent filings.

[6] Peck notes that his request for access to the COURT's electronic case filing (ECF) system. See Peck's 12 December 2018 MOTION TO ALLOW ELECTRONIC FILINGS. Although the Court's 23 July 2019 ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF ACCESS TO ELECTRONIC FILING SYSTEM "granted" Peck's request, Peck still has not been given the tools to access the ECF system (*e.g.*, eligibility, registration, and passwords that attorneys are allowed). He operates at a disadvantage.

[7] *I.e.*, 12 December 2017 to 12 December 2018. Defendant doesn't explain the significance of "12 December 2017" or the file-stamp date (18 December 2018) when the clerk entered the documents that Peck delivered on 12 December 2018.

*Seldin*, 422 U.S. 490, 498–99 (1975), *Spokeo*, S.Ct. No. 13-1339 at 1 and 6, and *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999). See COMPLAINT at 2-3, footnotes 5-7. Defendant does not dispute Peck's presentation of this caselaw. In fact, Defendant acknowledges Peck's reference to the plausibility holdings in *Iqbal* and *Twombly*. BRIEF IN SUPPORT at 2.

Peck has spent a lot of time looking for Defendant's caselaw, not always successfully. Defendant cites (BRIEF IN SUPPORT at 2) *EEOC v. Concentra Health Servs, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)[8] about raising plausibility above a "speculative level", which seems to mirror COMPLAINT at 2, fn. 5 citing *Twombly*, 550 U.S. at 555: "more than mere labels and conclusions". See also COMPLAINT at 5, fn. 13: "[f]actual allegations must be enough to raise a right to relief above the speculative level". Peck set forth all of the necessary facts to satisfy the elements of his eight causes of action. Defendant's reliance on *Concentra* appears to agree with Peck's reliance on *Liberty Lobby*, *Erickson*, *Twombly*, *Iqbal*, *Warth*, *Spokeo*, and *Walker*. It is unclear to Peck why Defendant would raise such matters more thoroughly discussed in COMPLAINT.

Peck has found nothing about *Logan v. Wilkins*, 644 F.3d 577 (7th Cir. 2011), but has located what appears to be the full text of *United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005). BRIEF IN SUPPORT at 2. *Lewis* revolves around the Victim Witness and Protection Act of 1982, which is inapposite to the instant case. BRIEF IN SUPPORT mentions "affirmative defense", which *Lewis* mentions in one paragraph:

> As an abstract proposition, that is usually true because complaints do not have to anticipate affirmative defenses to survive a motion to dismiss. The exception occurs where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when

---

[8] Peck was unable to locate a text version of some of the citations listed in BRIEF IN SUPPORT, such as *EEOC v. Concentra*.

a complaint plainly reveals that an action is untimely under the governing
statute of limitations. [Citations omitted.][9]

COMPLAINT does not propose abstractions. Peck was aware the possibility that Defendant would invoke the much-abused Fed.R.Civ.P. 12(b)(6) assertion; he set forth the necessary elements to satisfy each of his eight causes of action. Furthermore, Peck filed COMPLAINT within the governing statute of limitations.

Defendant's entire argument for dismissal appears to hinge on *Farley v. Koepp*, 788 F.3d 681 (7th Cir. 2015). BRIEF IN SUPPORT (at 3).

Peck has found references to *Farley v. Koepp*. Some commentators assert that *Farley* is a 42 USC § 1983 civil action wherein Farley emailed his complaint to the district clerk via the CM/ECF system per the local rules of court. None of those facts pertain to *Peck v. REV-1*. Peck challenges Defendant's reliance on *Farley*. Peck's 12 December 2018 delivery of COMPLAINT was via the United States Postal Service, not email. Moreover, Peck challenges Defendant's assertion that COMPLAINT had "defects in form (including electronic defects)" on the Fed.R.Civ.P. 5(d)(2) date (12 December 2018) that Peck delivered COMPLAINT to the clerk. Peck concurs with Defendant, however, that "under Rule 3 the action is 'commenced' on that date, which tolls the running of the statute of limitations". BRIEF IN SUPPORT at 2-3.

Other commentators assert that the *Farley* district court dismissed the suit because of § 1983's two-year statute of limitations, but that the appellate court vacated the dismissal and remanded, citing Fed.R.Civ.P. 3 and 5(d)(2)(A). These rules comport with Peck's long-held position (see COMPLAINT at 2, footnotes 2 and 4), which Defendant failed to mention.

---

[9] *Brownmark v. Comedy Partners* (7th Cir. 2012) cites *Lewis* regarding the overuse of Fed. R. Civ. P. 12(b)(6):
    Brownmark correctly notes that courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid.

Peck commenced this action when he submitted COMPLAINT to the clerk by delivering it via the U.S. Mail. Fed.R.Civ.P. 3 and Fed.R. Civ. P. 5(d)(2)(A). Nonetheless, Defendant alleges that the filing and commencement of COMPLAINT "is more than one year from the date in which the alleged violation occurred, to be specific it was one year and four days".[10] BRIEF IN SUPPORT at 3. In fact, Defendant cites its more-than-one-year claim as the basis for dismissing each of COMPLAINT's eight counts.[11]

Defendant's MOTION TO DISMISS and BRIEF IN SUPPORT are not supported by the Federal Rules of Civil Procedure. Additionally, Defendant's sole basis for dismissal is *Farley v. Koepp* and its electronically-submitted complaint. Unlike the Federal Rules of Civil Procedure, *Farley* is inapposite to *Peck v. REV-1*.

Respectfully submitted,

_____          11 OCTOBER 2019
Norman Peck, Plaintiff              Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

**Certificate of Service**

I hereby certify that I delivered today PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE by filing it via USPS certified mail (#7018 3090 0001 5449 4306) addressed to the Office of the Clerk (105 U.S. Courthouse, 46 East Ohio Street, Indianapolis,

---

[10] It appears that Defendant's calculus relies (incorrectly) on 14 December 2017 and 18 December 2018.
[11] "Plaintiff's claim ... should be dismissed for failure to state a claim as it was not brought within one year if the violation pursuant to 15 U.S.C. § 1692k(d)." Pages 3 through 7 of BRIEF IN SUPPORT are devoted to this. Defendant makes a few attempts to argue the merits of Peck's causes of action; Peck will wait for Defendant's answer to address such arguments (*e.g.*, "Defendant does not deny that its business address is 517 US Highway 31 N, Greenwood, IN 46142-3932").

Indiana 46204) and via electronic mail[12] addressed to tina_doyle@insd.uscourts.gov, (*i.e.*, Tina Doyle, district judge Richard Young's courtroom deputy).

Furthermore, I certify that I delivered today PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE by serving it via first-class U.S. Mail addressed to: Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, IN 46142.

_____  11 OCTOBER 2019
Norman Peck, Plaintiff           Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

Enclosures:
- Additional copy of PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE so that Peck can receive this motion with the Court's electronic-document header information (*i.e.*, case number, document number, date of entry into the Court record, page number, and "PageID" number) displayed at the top of every page. Please return this additional copy to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).

---

[12] Re: The Court's 23 July 2019 ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF ACCESS TO ELECTRONIC FILING SYSTEM re: S.D. Ind. L.R. 5-3(g) ("A person not represented by an attorney may file electronically only if allowed by court order").