UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NORMAN PECK,                    )
                                    )
              Plaintiff,        )
                                      )
              v.               )      No. 1:18-cv-03989-RLY-TAB
                                    )
REV-1 SOLUTIONS, LLC,       )
                                    )
              Defendant.    )

**ENTRY ON MOTION TO DISMISS**

Norman Peck sued Rev-1 Solutions, LLC alleging two of its collection letters violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On September 20, 2019, Rev-1 moved to dismiss Peck's complaint because it was not timely filed and lacked sufficient detail. The court agrees that certain claims are too late with respect to one of Rev-1's collection letters; however, Peck has plausibly alleged that the other letter may have violated the FDCPA. The court therefore **GRANTS in part** and **DENIES in part** Rev-1's motion to dismiss.

Peck's complaint addresses two letters that potentially give rise to liability: a letter sent by Rev-1 on December 14, 2017 and a letter sent by Rev-1 on October 9, 2018.

## I.    **December 14, 2017 Letter**

Actions to remedy violations of the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Deaville v. Capital One Bank*, 425 F.Supp.2d 744, 751 (W.D. La. 2006) (noting the FDCPA has a one-year statute of limitations). Peck simply brought these claims too late. He alleges he received

1

a collection letter from Rev-1 on December 14, 2017, but he did not file his complaint until December 18, 2018. (Filing No. 1, Complaint at 1). Since more than one year elapsed between when the violation occurred and when he brought the action, the FDCPA's statute of limitations bars these claims. *E.g. McElveen v. Westport Recovery Corp.*, 310 F.Supp.3d 1374, 1379 (S.D. Fla. 2018) (statute of limitations barred complaint filed four days too late).

Peck responds that he actually mailed the complaint to the clerk of the court on December 12, 2018, and so the complaint was timely filed as of that date. But a complaint is "filed" when the court clerk *actually receives* it—not when the plaintiff mails it. *See* Fed. R. Civ. P. 5(d); *Farley v. Koepp*, 788 F.3d 681, 685 (7th Cir. 2015) (citing *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) . The clerk did not receive his complaint and enter it on the docket until December 18, 2018. Accordingly, the complaint was not "filed" until that date—which was too late. *Farley*, 788 F.3d at 686; *McElveen*, 310 F.Supp.3d at 1379.

As for equitable tolling, even assuming the FDCPA's limitations period is subject to tolling, *see Salgado v. Harvard Collection Services, Inc.*, No. 01 C 2572, 2001 WL 803683, at *2, n. 2 (N.D. Ill. July 17, 2001), this case does not warrant that extraordinary relief because the circumstances were within Peck's control: he simply filed too late. *See e.g. United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (declining to toll limitations when attorney lost her father several weeks before the deadline and filed a petition one-day late). The court therefore dismisses Counts I, II, III, V, VI, VII, and VIII.

2

## I.    October 9, 2018 Letter

Peck alleges Rev-1 did not sufficiently identify itself in a letter sent on October 9, 2018.  He alleges the letter is confusing because it contains "Community Health Network" in the letterhead yet lists Rev-1's address of 517 US Highway 31 N., Greenwood, IN 46142 as the return address.  Rev-1 responds that the letter is actually from Community Health.  That may be.  But neither party has attached the letter, and the court cannot say from the allegations in the complaint that it was sent by Community Health especially since it listed Rev-1's address as the return address.  For now, Peck has plausibly alleged Rev-1 violated § 1692e by sending a letter without identifying itself.

This order does not preclude Rev-1 from filing a subsequent motion to dismiss with the letter attached.  It also does not preclude Peck from adding allegations concerning the October 9th letter in an amended complaint.

Two final housekeeping matters.  Peck filed a motion to strike Rev-1's motion to dismiss and supporting brief but did not provide any basis for that relief.  As such, the court will deny his motion to strike.  Peck also filed a motion for clarification of the Prison Litigation Reform Act, in which he argues that act does not apply to his case and thus he is not responsible for eventually paying the filing fee in this matter.  But he has to pay the filing fee whether he is a prisoner or not.  *In forma pauperis* status merely allows the plaintiff to proceed without *pre-payment* of the filing fee, not *non-payment* of the filing fee.  *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) (citing *Robbins v. Switzer*, 104 F.3d 895, 897 – 98 (7th Cir. 1997)); *see also*

*Pope v. Krueger*, 762 F. App'x 347, 349 (7th Cir. 2019) (non-prisoners still have

obligation to pay filing fees).  This motion will likewise be denied.

For the reasons above, Rev-1's motion to dismiss (Filing No. 25) is **GRANTED**

**in part** and **DENIED in part**.  Peck's motion to strike (Filing No. 29) and motion for

clarification of the Prison Litigation Reform Act (Filing No. 23) are **DENIED**.

**SO ORDERED** this 30th day of January 2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Mail to:

**NORMAN PECK**
P.O. Box 273
Kokomo, IN 46903
PRO SE

4