IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
FEB 2 5 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Norman Peck,
    Plaintiff,

v.

REV-1 Solutions, LLC,
    Defendant

Case No. 1:18-cv-03989 RLY TAB

## REPLY TO ANSWER

Plaintiff-Movant Norman Peck comes before the district court with this reply to defendant's 11 February 2020 answer to Peck's 12 December 2018 complaint ("COMPLAINT"), which initiated this civil-rights action. This is Peck's prompt reply.

### Background

On 12 December 2018 Peck satisfied all of the requirements of FRCP 8(a) when he timely[1] filed COMPLAINT, which noted that REV-1 is subject to the Fair Debt Collection Practices Act's due process. Peck clearly alleged facts that invoke the district court's remedial powers. Peck has standing to bring suit. The district court has venue, subject-matter, original, and *in persona* jurisdiction.[2] REV-1 has lack of an FRCP 12(b) affirmative defense. COMPLAINT survives an FRCP 12(b)(6) motion to dismiss.[3]

---

[1] 15 USC § 1692k(d).

[2] COMPLAINT at 2-3.

[3] *Cf.* PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE at 4: "Peck was aware [of] the possibility that Defendant would invoke the much-abused Fed.R.Civ.P. 12(b)(6) assertion; he set forth the necessary elements to satisfy each of his eight causes of action. Furthermore, Peck filed COMPLAINT within the governing statute of limitations."

On 6 August 2019 REV-1 filed its *first* documents[4] into the record, long after expiration of its 60-day deadline.[5] REV-1 had already defaulted.[6]

On 20 September 2019—nine months after COMPLAINT was filed—REV-1 mentioned COMPLAINT for the first time when it moved the court to dismiss this case.[7]

On 11 October 2019 Peck challenged REV-1's September 20 filings and moved to strike its motion to dismiss.[8] REV-1 did not respond. Peck has not received a ruling from the district

---

[4] *E.g.*, appearance of counsel and waiver of service of summons.

[5] FRCP 12(a)(1)(A)(ii).

[6] The REV-1's filings that Peck has received contain only three dates: 6 August 2019, 20 September 2019, and 11 February 2020.

[7] See DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT and DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE.

[8] See, for instance, PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE, "Discussion", at 2-5 regarding FRCP 12(b)(6) and multiple appellate-court opinions dealing with various forms of federal jurisdiction. See *ibid.* at 3:
> Defendant does not dispute Peck's presentation of this caselaw. In fact, Defendant acknowledges Peck's reference to the plausibility holdings in *Iqbal* and *Twombly*. * * * Peck set forth all of the necessary facts to satisfy the elements of his eight causes of action. Defendant's reliance on *Concentra* appears to agree with Peck's reliance on *Liberty Lobby, Erickson, Twombly, Iqbal, Warth, Spokeo,* and *Walker*. It is unclear to Peck why Defendant would raise such matters more thoroughly discussed in COMPLAINT.

Additionally, Peck asserted that
> BRIEF IN SUPPORT mentions "affirmative defense", which [*United States v. Lewis*, 411 F.3d 838 (7th Cir. 2005)] mentions in one paragraph:
>> As an abstract proposition, that is usually true because complaints do not have to anticipate affirmative defenses to survive a motion to dismiss. The exception occurs where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations. [Citations omitted.]
> COMPLAINT does not propose abstractions. Peck was aware the possibility that Defendant would invoke the much-abused Fed.R.Civ.P. 12(b)(6) assertion; he set forth the necessary elements to satisfy each of his eight causes of action. Furthermore, Peck filed COMPLAINT within the governing statute of limitations. [PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE at 3-4.]

Furthermore, Peck asserted that "Defendant's entire argument for dismissal appears to hinge on *Farley v. Koepp*, 788 F.3d 681 (7th Cir. 2015). BRIEF IN SUPPORT (at 3)." *Id.* at 4.

judge on these October 11 documents.[9] Peck's October 11 findings and conclusions stand without refutation. Nonetheless, four months later—unabashed and unabated—REV-1 filed ANSWER TO COMPLAINT ("ANSWER") [Dkt.32, PageID#136-7], which Peck received in his mailbox on 14 February 2020.

### Discussion

Fourteen months is far too long to be considered a timely answer in this case.

FRCP 12(a) states, in pertinent part:
>   TIME TO SERVE A RESPONSIVE PLEADING.
>   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>   (A) A defendant must serve an answer:
>   (i) within 21 days after being served with the summons and complaint; or
>   (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, [].

Peck has no knowledge of anyone disputing that Peck furnished "a short and plain statement of the claim[s] showing that the pleader is entitled to relief". COMPLAINT at 2, fn. 5.[10]
Nonetheless, ANSWER asserts that seven of Peck's eight causes of action "are now dismissed." Peck will only be able to address such assertions after he has received and had sufficient time to read documents in the public docket that he has not yet seen.[11] Meanwhile, the parties have not even reached the discovery phase, where numerous unaddressed facts will become visible.

In the interim Peck replies to ANSWER's very limited number of arguments.

---

[9] It recently has been brought to Peck's awareness that there are documents in the court record that he has never seen. See his 16 February 2020 MOTION FOR COPIES OF FILINGS and 18 February 2020 MEMORANDUM IN SUPPORT OF MOTION FOR COPIES OF FILINGS.

[10] *Cf.* "This COMPLAINT survives a motion to dismiss under FRCP 12(b)(6), which does not countenance dismissals based on a disbelief of the factual allegations." COMPLAINT at 3 citing *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999) re: *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[11] See Peck's 16 February 2020 MOTION FOR COPIES OF FILINGS.

<u>REV-1's "Count IV" section of ANSWER is deceptive and misleading.</u>

REV-1's entire argument concerning Peck's fourth cause of action, which pertains to 15 USC § 1692e(14), is four sentences long.

The first sentence in ANSWER's "Count IV" section "denies" a non-allegation: "Defendant denies that it had any role in the mailing of a letter to Plaintiff on October 13, 2018 with the letter head of 'Community Health Network'." Peck never alleged that REV-1 had a role in this mailing.[12] There is no nexus between 15 USC § 1692e(14) and mailing roles. This first sentence is immaterial and irrelevant to this case.

The second sentence in ANSWER's "Count IV" section asserts that "REV-1 is located at 517 US Highway 311 N, Greenwood, IN 46142." This partial admission complies with FRCP 8(b)(1)(B), FRCP 8(b)(2), and FRCP 8(b)(4).[13] Nonetheless, Peck continues to be confused by REV-1's lack of clarity regarding its other business locations, if any.[14]

---

[12] REV-1 did not even make an appearance on behalf of its client until 6 August 2019, when it was too late to file an answer to COMPLAINT. Nonetheless, REV-1 intentionally chose to participate. Its client is not the defendant in this case. All of Peck's causes of action specifically identify Fair Debt Collection Practices Act claims against a debt collector (*i.e.*, REV-1, the sole defendant).

[13] FRCP 8(b): "*In general*. In responding to a pleading, party must: ... (B) admit or deny the allegations asserted against it by the opposing party." FRCP 8(b)(2): "*Denials—Responding to the Substance*. A denial must fairly respond to the substance of the allegation." FRCP 8(b)(4): "*Denying Part of an Allegation*. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."

[14] See, for example, COMPLAINT at 15, footnote 58:
> Peck is also confused about IMC's address. Since October 17, 2017 Peck has seen four different addresses: PO Box 1280, Oaks, PA 19456-1280; PO Box 20636, Indianapolis, IN 46220-0636; 6955 Hillsdale Court, Indianapolis, IN 46250"; and (much more recently) 8085 Knue Road, Indianapolis, IN 46250. Such multiplicity is misleading.

The third sentence in ANSWER's "Count IV" section states: "There are several other companies located at this same address."[15] This is information is immaterial and irrelevant to every aspect of this case.

The fourth sentence in ANSWER's "Count IV" section asserts, "Defendant denies all allegations made in Plaintiff's Complaint section titled 'Count IV – Violation of 15 USC § 1692e(14).' *Dkt. 1*, pg. 15." This sentence contradicts the second sentence in ANSWER's "Count IV" section. As such, this assertion fails to comply with FRCP 8(b)(3)'s second sentence.[16] This fourth sentence does not identify the "specifically admitted" allegations. See REV-1's first sentence. Compare with FRCP 8(b)(3)'s first sentence regarding a good-faith intention to deny all the allegations of a pleading by a general denial, which does not apply here. Moreover, FRCP 8(b)(3)'s first sentence specifically includes jurisdictional grounds, which Peck identified on 12 December 2018. COMPLAINT at 2-3, footnotes 5-6. These jurisdictional grounds encompass *all* of Peck's causes of action, each of which meets the bare-minimum standard of FRCP 8(a)(2). *Id.*, footnote 5. Each of Peck's eight causes of action contains his "demand for the relief sought" and short and plain statements "showing that the pleader is entitled to relief". FRCP 8(a). Count IV contains six "short and plain" sentences.

Peck met the necessary pleading standards for each of his eight causes of action.[17] REV-1 has not overcome any of the pleading-standard hurdles that it faces prior to the Title V (Disclosures and Discovery) phase of *Peck v. REV-1*, which will afford REV-1 the opportunity to provide

---

[15] *I.e.*, 517 US Highway 311 N, Greenwood, IN 46142.

[16] FRCP 8(b)(3): "*General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."

[17] See, for example, COMPLAINT at 2, footnote 5: "Peck's grounds are 'more than mere labels and conclusions.' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)."

evidence showing that it does not have other business locations besides "517 US Highway 31 N, Greenwood, IN 46142", as Peck alleged in Count IV. The discovery phase will provide opportunities for REV-1 to support its denials with evidence.[18]

REV-1 did not affirmatively state an FRCP 8 affirmative defense.

REV-1 had long since defaulted when it mentioned, for the first time, FRCP 8's affirmative defenses by stating: "[REV-1], pursuant to Rule 8 of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, asserts the following affirmative defenses." ANSWER at 1.[19]

REV-1 asserts, for the first time, a 15 USC §1692k(c)[20] defense.

In COMPLAINT (*e.g.*, at pages 5-6) Peck explicitly noted that the "*bona fide* error defense in §1692k(c) does not apply" in this case. REV-1 has had plenty of time to read COMPLAINT; Peck filed it 14 months ago. A § 1692k(c) defense requires evidence, which REV-1 will find difficult to provide during disclosure. If REV-1 had not let the time period for answering COMPLAINT expire, the discovery-phase complexities of "maintenance of procedures" would have revealed themselves, albeit slowly.

REV-1 attempts to revive its failure-to-state-a-claim assertion.

REV-1 cited FRCP 12(b)(6) in September. DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT at 2. According to FRCP 12(b), however, "these defenses must be made [in a motion] before pleading" and REV-1's FRCP 12(a)(1)(A)(ii) responsive

---

[18] Not only does ANSWER fail to identify which of the 18 FRCP 8(c) affirmative defenses it is embracing but it gives notice to Peck that REV-1 seeks "investigation and discovery". If REV-1 had not let its FRCP 12(a)(1)(A)(ii) deadline pass, Peck too would be eager to move past the discovery stage.

[19] See also, *inter alia*, COMPLAINT at 15: "Notices sent to debtors must not confuse them about the verification rights established by the Fair Debt Collection Practices Act."

[20] See ANSWER at 2. *Cf.* 15 USC § 1692k(c) ("Intent."): "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

pleading period had long since expired. ANSWER's repetition of its failure-to-state-a-claim assertion shows once again that REV-1 should have read COMPLAINT, in which Peck clearly articulated eight separate claims. See COMPLAINT at 10-20, "Claims Under Which Relief Can Be Granted". Peck's statutes and facts remain unrebutted.

REV-1 failed to timely defend itself. None of Peck's eight causes of action are subject to dismissal. These are appealable issues.

## Legal Standard

### Iqbal and Twombly

DEFENDANT'S [20 September 2019] BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT states (at 1) that Peck's complaint "was filed more than a year" after Peck received a REV-1 debt collection letter and reiterates Peck's reliance on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Compare with PLAINTIFF'S [11 October 2019] CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE (at 2-3) about stating sufficient factual matter, facial plausibility, etc., in one's pleadings.[21]

Peck and REV-1 are in agreement about *Iqbal* and *Twombly*; Peck's COMPLAINT complies with the pleading standards.

### Farley v. Koepp

On page four of his 11 October 2019 PLAINTIFF'S CHALLENGE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE, Peck stated:

> Defendant's entire argument for dismissal appears to hinge on *Farley v. Koepp*, 788 F.3d 681 (7th Cir. 2015). BRIEF IN SUPPORT (at 3).
> Peck has found references to *Farley v. Koepp*. Some commentators assert that *Farley* is a 42 USC § 1983 civil action wherein Farley emailed his complaint to the district clerk via the CM/ECF system per the local rules of court. None of those facts pertain to *Peck v. REV-1*. Peck challenges

---

[21] *I.e.*, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S WITH PREJUDICE and DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

> Defendant's reliance on *Farley*. Peck's 12 December 2018 delivery of COMPLAINT was via the United States Postal Service, not email. Moreover, Peck challenges Defendant's assertion that COMPLAINT had "defects in form (including electronic defects)" on the Fed.R.Civ.P. 5(d)(2) date (12 December 2018) that Peck delivered COMPLAINT to the clerk. Peck concurs with Defendant, however, that "under Rule 3 the action is 'commenced' on that date, which tolls the running of the statute of limitations". BRIEF IN SUPPORT at 2-3.

Peck has received nothing that shows an objection from REV-1 about these October 11 assertions. Peck sees no dispute regarding *Farley*, which apparently revolves around CM/ECF filings and electronic defects and thus is inapposite of Peck's submission of his COMPLAINT to the district clerk on 12 December 2018 through the U.S. Mail.

### Conclusion

Peck timely filed his complaint by submitting/delivering/conveying it to the district court on 12 December 2018. REV-1 failed to defend itself in a timely and competent manner. REV-1 filed no documents prior to the expiration of its 60-day answering deadline[22], at which point the district court should have entered a final judgment into the court record awarding Peck the full damage costs listed in COMPLAINT.

Peck alleges that both his procedural and substantive due process rights have been violated.

Respectfully submitted,

_____
Norman Peck, Plaintiff
P.O. Box 273
Kokomo, Indiana 46903

24 FEBRUARY 2020
Date

---

[22] *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996): "a defaulted party has typically failed to appear or file an answer." See also *Black v. Lane*, 22 F.3d 1395 (7th Circuit, 1994):
> Under notice pleading rules, it is for the parties to produce their evidence at trial. Here, due to the defendants' default, there was no trial. The plaintiff did, however, attempt to set forth the facts supporting his claims in an evidentiary proceeding before the district court on damages. The defendants, of course, can no longer contest the facts supporting the damages. They have defaulted.

## Certificate of Service

Peck certifies his filing of this REPLY TO ANSWER by delivering it via USPS certified mail (#7015 1520 0002 0065 8176) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204.

Furthermore, Peck certifies service of this REPLY TO ANSWER by first-class U.S. Mail addressed to Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142.

_____
Norman Peck, Plaintiff
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

**24 FEBRUARY 2020**
Date

Enclosures:
- Additional copy of REPLY TO ANSWER for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).