IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Norman Peck,
    Plaintiff,

v.

REV-1 Solutions, LLC,
    Defendant

Case No. 1:18-cv-03989 – RLY-TAB

FILED
MAR 1 2 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## MEMORANDUM SHOWING CAUSE

On 9 May 2019 plaintiff-movant Norman Peck filed his explicit, clear, unambiguous notice "expressly den[ying] consent for any and all magistrate judges to conduct any and/or all proceedings in this civil action. 28 USC § 636(c)(1)".[1] The district clerk entered this document into the record on 13 May 2019 at 4:17 PM.[2]

Nonetheless, on 4 March 2020, Peck received a document[3] in the mail titled ORDER ON FEBRUARY 20, 2020, TELEPHONIC STATUS CONFERENCE and dated 27 February 2020. The contents read, in their entirety:

> Defendant's counsel appeared by counsel February 20, 2020, for a telephonic status conference. Plaintiff Norman Peck failed to appear as ordered. Plaintiff shall show cause by March 12, 2020, why sanctions should not issue for his failure to appear for the February 20 telephonic status conference.
>
> The parties shall file witness and exhibit lists by March 30, 2020. All discovery shall be completed by April 30, 2020. Any dispositive motion shall be filed by June 1, 2020.

---

[1] See also, *inter alia*, Peck's 9 May 2019 JUDICIAL NOTICE at 2-4.
[2] Parties are not required to file notices of non-consent because magistrate judges have no jurisdiction in a civil matter without the clear, written consent of all parties. To Peck's knowledge, *neither* party in this case gave consent to magistrate proceedings. Peck filed his 9 May 2019 document to make his non-consent crystal clear.
[3] The copy of this illegal order does not display the standard header showing its docket number.

...

Mr. Baker's 27 February 2020 filing has many serious problems.

Problem #1. If Mr. Baker intended that Peck be informed about this telephonic conference, he should have taken steps to ensure that Peck was notified *before* it occurred, rather than two weeks afterward. For instance, Mr. Baker could have ordered the district clerk in the proper venue[4] to notify Peck by U.S. mail of this conference at a proper time.

Problem #2. The duties of federal magistrate judges are prescribed in the clear-cut language of 28 USC § 636(c):

> (1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set forth in section 631 (b)(1) and the chief judge of the district court certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.
>
> (2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

---

[4] 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis.

Plainly, "the consent of the parties" is essential before a magistrate judge has civil jurisdiction in a case.[5] Mr. Baker lacked the consent of the parties.

Problem #3. Without the parties' unanimous consent, Mr. Baker lacked jurisdiction to participate in this civil action as a judicial officer.

Problem #4. There was no legal right for any magistrate judge to participate in any proceedings in this civil action (*e.g.*, a "telephonic status conference").[6]

Problem #5. Mr. Baker has no judicial immunity in this civil action.

Problem #6. Peck sees nothing in Title V ("Disclosures and Discovery") of the Federal Rules of Civil Procedure that grants authority to magistrate judges to participate in discovery.[7]

Problem #7. Mr. Baker's 27 February 2020 filing is unspecific about who, other than "Defendant's counsel", participated in the 20 February 2020 conference. If a magistrate judge (*e.g.*, Mr. Baker) was involved, he committed a wrongful, unauthorized act—that is, engaged in malfeasance.

Problem #8. Anyone who has read Peck's filings knows that Peck does not have a telephone.

Problem #9. Anyone who has read Peck's filings knows that the court has twice denied him access to the CM/ECF manual and ECF registration. To this day Peck is unable to read the electronic versions of the records that the district clerk has entered.[8]

Problem #10. Anyone who has read Peck's filings knows that Peck gave the court notice that he would not participate in oral hearings.[9]

---

[5] See, *e.g.*, 28 USC § 636(c)(2): "procedures to protect the voluntariness of the parties' consent."

[6] Peck just received Mr. Baker's 27 February 2020 filing. Peck is unclear about "status conferences". This will require research. Perhaps status conferences are authorized in Title V ("Disclosures and Discovery") of the Federal Rules of Civil Procedure.

[7] See Mr. Baker's 27 February 2020 filing: "discovery".

[8] See, for instance, page one of Peck's 9 May 2019 JUDICIAL NOTICE, which the clerk entered into the court record on 13 May 2019 at 4:17 PM.

## Conclusion

Peck has shown ample "cause by March 12, 2020, why sanctions should not issue for his failure to appear for the February 20 telephonic status conference." Peck has also shown ample cause why Mr. Baker deserves censure.

Respectfully submitted,

_____     <u>8 MARCH 2020</u>
Norman Peck, Plaintiff            Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

## Certificate of Service

Peck certifies today's filing/serving of this MEMORANDUM SHOWING CAUSE by delivering it by first-class U.S. Mail addressed to

- the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204
- Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142

_____     <u>8 MARCH 2020</u>
Norman Peck, Plaintiff            Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

Enclosures:
- Additional copy of MEMORANDUM SHOWING CAUSE for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).

---

[5] See, for instance, page five of Peck's 9 May 2019 JUDICIAL NOTICE: "Many attorneys are known for making irrelevant, off-the-cuff statements; some illegally meet with judicial officers absent the presence of the opposing party; some have been known to introduce hearsay into evidence at these *ex parte* gatherings."