## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NORMAN PECK,<br><br>  Plaintiff,<br><br>v.<br><br>REV-1 SOLUTIONS, LLC,<br><br>  Defendants. | CIVIL ACTION<br><br>1-18-cv-03989-RLY-TAB |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

REV-1 Solutions, LLC ("Defendant"), by counsel files this brief in support of Defendant's Motion for Summary Judgment pursuant to Fed R. Civ. P. 56. There are no genuine issues of material fact, there is an absence of evidence to support Plaintiff's case, and Defendant is entitled to judgment as a matter of law on all remaining counts of Plaintiff's Complaint. Defendant requests that this Court enter summary judgment in favor of Defendant on all counts.

### INTRODUCTION

This matter involves claims brought by Plaintiff against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* ("FDCPA"). On January 30, 2020 this Court granted in part Defendant's Motion to Dismiss (Dkt. 30). The Court dismissed Counts I, II,III, V, VI, VII, and VIII. (Dkt. 30 at p. 2) Only Count IV of Plaintiff's Complaint remains.

Defendant's Motion for Summary Judgment seeks judgment in its favor on the only remaining Count, Count IV of the Plaintiff's complaint (Dkt. 1). In this Brief, Defendant shows that there are no genuine issues of material fact, there is an absence of evidence to support Plaintiff's case, and Defendant is entitled to judgment as a matter of law on all violations alleged in Plaintiff's Complaint. Defendant's Motion for Summary Judgment should be granted in full.

1

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant submits the following Statement of Material Facts Not in Dispute pursuant to F.R.C.P 56(c) and S.D. Ind. L.R. 56-1, in support of its Motion for Summary Judgment:

1. On or around October 09, 2018 Plaintiff received a letter addressed to him from Community Health Network and Perfiniti Insurance. (Exhibit A)
2. The letter states that Community Health Network in partnership with Perfiniti Insurance have licensed and certified agents available to assist Plaintiff in obtaining Medicare coverage.
3. The address listed on the letter for Perfiniti Insurance is 517 US Highway 31 N. Greenwood, IN 46142.
4. The letter does not mention a debt, nor make any attempt to collect a debt from Plaintiff.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). A defendant can prevail on summary judgment merely by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support [any essential element of] the nonmoving party's case." *Celotex Corp*., 477 U.S. at 325, quoting Fed. R. Civ. P. 56(c). Once a defendant meets its initial obligation of showing there is no

genuine dispute of material fact, the onus shifts to the plaintiff to come forward with admissible evidence from which a reasonable jury could find that she has met her burden of proof. Id. at 322-23. It is not enough to produce "colorable" evidence; a plaintiff must proffer "significantly probative" evidence, and cannot rely on mere allegations. *Anderson*, 477 U.S. at 247-49, 256-57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Similarly, speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. *Roney v. Illinois Dept. of Transp.*, 376 F. Supp. 2d 857, 864-65 (N.D. Ill. 2005) aff'd, 474 F.3d 455 (7th Cir. 2007).

### **DEFENDANT'S ARGUMENT**

Plaintiff alleges that Defendant violated §1692e(14) of the Fair Debt Collection Practices Act by "posing as "Community Health Network" or –vice versa" (Dkt. 1 at p. 15). Plaintiff alleges that this conduct is a deceptive and misleading representation of its business, company, or organization. *Id.*

15 U.S.C §1692e(14) reads as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(14)The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

The entirety of Plaintiff's claim in Count IV is centered around a letter that was mailed to Plaintiff by Community Health Network in partnership with Perfiniti Insurance. (Exhibit A). A comprehensive reading of this letter makes it clear that it was not sent by Defendant, nor does it relate to a debt, or the collection of a debt.  Simply put, there is no indication that this letter was sent by Defendant, nor was it an attempt to collect a debt.  Plaintiff's concern with this letter, which appears to be an advertisement for Medicare coverage, is outside the scope of the Fair

3

Debt Collection Practices Act. "The Fair Debt Collection Practices Act (FDCPA or Act) aims to eliminate "abusive debt collection practices," 15 U.S.C. §1692(a)-(d), by, as relevant here, barring "false, deceptive, or misleading representation[s] ... in connection with the collection of any debt," § 1692e…" *Sheriff v. Gillie,* 136 S. Ct. 1954 (2016). This letter from Perfiniti Insurance and Community Health Network, both of which are legal entities registered to do business in the State of Indiana, does not reference a debt nor mention the Defendant.[1] Plaintiff has failed to provide any evidence that this letter was sent by Defendant. Furthermore, in the event that Defendant had sent this letter in question, the contents of the letter clearly are not a "means in connection with the collection of any debt," 15 U.S.C §1692e, and therefore outside the scope of the FDCPA.

## **CONCLUSION**

Count IV, is the only Count from Plaintiff's complaint that has not been dismissed. Defendant has shown that there is no issue of material fact as to Count IV and the letter that forms the basis of Plaintiff's allegations against Defendant. Plaintiff has provided no evidence showing that Defendant mailed this letter, furthermore, the letter relied upon by Plaintiff to bring this action makes no reference to any debt, or is by any means an attempt to collect a debt. Therefore, Defendant is entitled to judgment as a matter of law on all violations alleged in Plaintiff's Complaint. Defendant's Motion for Summary Judgment should be granted in full.

---

[1] A review of the Indiana Secretary of State's Database shows that Perfiniti Insurance II LLC is a Domestic LLC Business with its principal office at 517 US Highway 31 N, Greenwood, IN 46142 and Community Health Network, Inc. is a Domestic Nonprofit Corporation with it's principal office at 7330 Shadeland Station, Suite 200, Indianapolis, IN 46256.

/s/ *Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant
REV-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, IN  46142
(317) 883-5600
Nicholas.Moline@med1solutions.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via USPS First Class Mail to:

Norman Peck
P.O. Box 273
Kokomo, IN 46903.

/s/ *Nicholas Moline*
Nicholas Moline, IN Atty # 29711-49
Attorney for Defendant