UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN PECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03989-RLY-TAB |
| ) | |
| REV-1 SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ENTRY AND ORDER ON MOTIONS**

**I.   Introduction**

Plaintiff Norman Peck filed motions further requesting (1) the public docket sheet [Filing No. 53]; (2) copies of docket filings [Filing No. 54]; and (3) to be immediately informed of all final decisions [Filing No. 58], which requests that the Court order the Clerk to print and mail all final judgments, orders, and proceedings to Peck in a "timely manner." [Filing No. 58.] For reasons stated below, Peck's motions seeking the public docket sheet [Filing No. 53] and copies of filings and orders in the docket [Filing No. 54] are granted, while Peck's motion to be immediately informed of all final decisions [Filing No. 58] is denied as moot.

**II.   Background**

The Court entered an order on April 16, 2020, tackling similar procedural motions Peck filed requesting mailed copies of various documents on the docket. [Filing No. 52.] In that order, the Court instructed Peck that he must clarify with the Court by May 8, 2020, whether he wished to continue to receive service electronically, or whether he instead wished to receive service by U.S. mail. The Court noted that if Peck failed to definitively state a preference in a

timely manner, his electronic access would be revoked, and all future filings would be served by mail. [Filing No. 52, at ECF p. 5.]

To date, Peck has not directly responded to the Court's order. Peck has, however, filed the motions listed above, which request that the Clerk mail him copies of filings in the record. [Filing Nos. 53, 54, and 58.] Therefore, the Court now revokes his electronic access. Peck shall receive service of all future filings by mail only.[1]

### III. Discussion

Before the Court are three new motions Peck has filed seeking various documents in the record. [Filing Nos. 53, 54, and 58.] First, Peck filed a "Motion for the Entire Public Docket." [Filing No. 53.] This short motion simply notes that if any documents have been filed since Filing No. 52, Peck needs to know. [Filing No. 53, at ECF p. 1.] The Court interprets this as a request for a copy of the Court's public docket sheet. This motion is granted.

Next, Peck filed a "Motion for Complete Copies of Documents 42 through 52." [Filing No. 54, at ECF p. 1.] In this motion, Peck requests that the Court order the Clerk to provide him with paper copies of Filing Nos. 42 through 52, all documents filed subsequent to Filing No. 52, and "the court's 5 April 2019 Entry on Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Motion Requesting Service of Process, and Motion for Leave to File Electronically."[2] [Filing No. 54, at ECF p. 1.] This motion is also granted.

---

[1] Accordingly, Peck need not file any additional motions requesting that the Clerk mail him copies of future Court orders or filings. Any such motions will be summarily denied as moot.
[2] This last document reference is unclear to the Court but appears to possibly reference an earlier Court entry that was replaced on the docket on April 8, 2019, by Filing No. 7. The docket entry for Filing No. 7 in CM/ECF states in relevant part: "Main Document 7 replaced on 4/8/2019." Peck indicated in his memorandum that he received a "complete" copy of Filing No. 7. [Filing No. 55, at ECF p. 2.] Therefore, Filing No. 7 will not be included again in the documents that the Clerk is directed to mail to Peck.

2

Accordingly, the Clerk shall send Peck paper copies of this order and all the documents requested in Peck's motions [Filing No. 53; Filing No. 54] and memorandum in support [Filing No. 55] by mail, subject to the one caveat noted in a footnote above.  The Clerk is directed to print these documents directly from CM/ECF so they contain the electronic filing number and additional information Peck requests.  The Court once again has attached a list of the documents to be mailed for clarity.

However, the Court also clarifies, for Peck's benefit, the Local and Federal Rules of Civil Procedure that the Court and the parties are bound to comply with in every case, as well as what is *not* in those rules.  Local Rule 5-4 notes that "[a] filer must serve a copy of the document consistent with Fed. R. Civ. P. 5 on any party or attorney who is exempt from participating in electronic filing." S.D. Ind. L.R. 5-4(d).  Moreover, under Fed. R. Civ. P. 5(a) and Fed. R. Civ. P. 5(b)(2)(C), motions, notices, briefs, and other documents filed with the Court by Defendant shall be served on Peck, who is not represented by an attorney, by mail.  This obligation falls to defense counsel and not the Court.  Nothing in Rule 5 or the Local Rules requires a party's service of filings to include the electronic CM/ECF filing headers.  Therefore, the Court will not require this of defense counsel.

In addition, documents submitted to the Court for filing by a pro se litigant are file-stamped upon receipt with the Court's stamp—on the first page only—indicating the date and time of receipt for filing.  As stated in S.D. Ind. L.R. 5-10(b):

> **(b) Return of File-Stamped Copies.**  To receive a file-stamped copy of a document filed directly with the clerk, a party must include with the original document an additional copy and a self-addressed envelope.  The envelope must be big enough to hold the copy and have enough postage on it to send the copy via regular first-class mail.

3

Thus, if Peck wishes to have a file-stamped copy returned to him, he must provide the Court with an extra copy at the time of filing. If this is done, that extra copy will also be file-stamped, on the first page only, and returned to Peck by mail. However, Peck must understand that this "file-stamp" is not the same as an electronic CM/ECF filing header on each page. The headers are overlaid on each page by the Court's case management system and do not appear until the documents are docketed. Therefore, the copies of Peck's filings returned to him by the Court will be file-stamped on the first page but will not have headers. However, orders issued by the Court *will* be printed with electronic CM/ECF filing headers after they are docketed and then promptly mailed. If Peck requests the Court provide him with additional copies in the future of filings made by the parties, those copies will incur the appropriate fee. These are the same rules and procedures that the Court abides by in every civil pro se litigant case, and the Court will not make any further exceptions for Peck.

Finally, Peck's motion to be immediately informed of all final decisions requests that the Court order the Clerk to "print copies of any and all final judgments, orders, and proceedings entered into the record and cause these copies to be mailed to Peck in a timely manner—that is, on the day of the court order with the envelope's postmark showing this date—and promptly forward this case to the appellate court once the final judgments, orders, or proceedings are entered into the record." [Filing No. 58, at ECF p. 1.] This motion is denied as moot, as no final judgments, orders, or proceedings have been entered into the record at this time.

### IV. Conclusion

In sum, Peck's electronic access is now revoked. He will no longer receive service electronically, and all future service will be by U.S. mail. Peck's motions for the entire public docket [Filing No. 53] and for complete copies of Filing Nos. 42 through 52 [Filing No. 54] are granted, and his motion to be immediately informed of final decisions [Filing No. 58] is denied as moot.

Date: 5/27/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

NORMAN PECK
P.O. Box 273
Kokomo, IN 46903