# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Norman Peck,<br>Plaintiff,<br><br>v.<br><br>REV-1 Solutions, LLC,<br>Defendant | Case No. 1:18-cv-03989 |

**FILED**

JUN 1 6 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## MEMORANDUM IN SUPPORT

### Background

On 14 December 2017 plaintiff Norman Peck received a debt-collection notice from defendant REV-1.[1] REV-1 refused to participate in meaningful dialogue about this notice. Thus on 12 December 2018 Peck timely brought this civil action[2], identifying eight individual actions violating specified statutes (Dkt.1 at 10-19) of the Fair Debt Collection Practices Act (FDCPA). His "statements of material facts" (Dkt.1 at 2, fn.5) satisfied the bare-minimum standards established by the Supreme Court of the United States. Dkt.1 at 2-3, footnotes 5-6.[3] In identifying the FDCPA statutes that REV-1 had violated, Peck not only satisfied but also surpassed the bare minimum. Rule 12(b) of the Federal Rules of Civil Procedure (FRCP) has zero applicability to this action.[4]

---

[1] Dkt.1 at 1 and 6. REV-1's notice boldly stated that it was a communication for a debt collector.

[2] See Peck's Dkt.1 (at 2 and fn.5) and 19 May 2020 MEMORANDUM IN SUPPORT (at 4-8 and at 9).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) at 248 and 255; *Erickson v. Pardus*, 551 U.S. 89 (2007) at 93; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and 555; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) at 663; *Warth v. Seldin*, 422 U.S. 490 (1975) at 490 and 498–99; and *Spokeo v. Robins*, 578 U.S. ___, S.Ct. No. 13–1339 (2016) at 1 and 6. See Dkt.1 at 5 ("Peck alleges more than just 'bare procedural violation[s]'") and footnotes 13-14 (citing *Spokeo*).

[4] See, *e.g.*, "REV-1 has no affirmative defense under FRCP 12(b)(1)." Dkt.1 at 2. "COMPLAINT survives a motion to dismiss under FRCP 12(b)(6), which does not countenance dismissals based

In his 12 December 2018 motion (Dkt.3), Peck sought an order for a "U.S. marshal, deputy marshal, or someone specially appointed by the COURT to serve his complaint, summons, and 'Rule 4 Notice of Lawsuit and Request to Waive Service' on the defendant." The court failed to act upon any of Peck's paperwork until April 2019. The court's 5 April 2019 ENTRY[5] stated:

> Plaintiff's Motion Requesting Service of Process (Filing No. 3) is **GRANTED**. ... *See* Fed. R. Civ. P. 4(c)(3). Accordingly, the clerk is designated pursuant to Rule 4(c)(3) to issue process to Rev-1 Solutions, LLC in the manner specified by Rule 4(d). Process shall consist of the complaint (Filing No. 1), applicable forms ((a)Notice of Lawsuit and Request for Waiver of Service and Summons and (b) Waiver of Service of Summons)) and this Order.

This order conforms to the FRCP. Upon the execution of this order, the defendant would know the complaint's contents, how to avoid unnecessary expenses associated with the service of summons and hasten the case toward finality, and the reason why the accompanying documents were issued. Although Peck reasonably believed that the district clerk promptly issued these four procedural documents, it has recently been revealed to Peck that the clerk failed to execute this 5 April 2019 order.

### Discussion

<u>In March and April 2020 Peck first receives Dkt. Nos.6, 7, 8, 15, 16, 17, 18, and 30.</u>

On 20 April 2020 Peck received from the clerk a ¾"–thick envelope, which contained many documents in the court's electronic record, including critical court's filings such as

---

on a disbelief of the factual allegations." Dkt.1 at 3, fn.7 (re: *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999) quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] ENTRY OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUERIS, MOTION REQUEST SERVICE OF PROCESS, AND MOTION FOR LEAVE TO FILE ELECTRONICALLY at 1-2; received 10 April 2019; copy enclosed. See also Peck's: Dkt.13, PageID#63; Dkt.38 at 1-2; 31 March 2020 MEMORANDUM IN SUPPORT (Dkt.50?) at 3, 11, and 20; 4 May 2020 MEMORANDUM IN SUPPORT at 1, fn.2 and at 4; 4 May 2020 MOTION FOR COMPLETE COPIES OF DOCUMENTS 42 THROUGH 52; and 19 May 2020 MEMORANDUM IN SUPPORT at 2, fn.7. Peck is not yet sure about these documents' docket numbers, PageID numbers, and dates of entry into the record.

Dkt. Nos.6, 7, 8, 15, 16, 17, 18, and 30.[6] These documents should have been delivered to Peck immediately after entry into the record. Alternatively, the court could have granted—in a practicable and lawful way[7]—Peck's repeated requests for the assignment of ECF log-in and password. See S.D. Ind. L.R. (L.R.) 5-3(g).

Peck has now read Dkt. Nos.6, 7, 8, 15, 16, 17, 18, and 30 and can better contextualize what has occurred in this case.

<u>The clerk's Dkt.8 (8 April 2019) is improper.</u>

Peck sees nothing in Dkt.8 indicating that the clerk issued the complaint or the court's 5 April 2019 order to REV-1, as ordered.[8] The clerk violated both parties' right to due process.

Document 8 shows that only the clerk's NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE and WAIVER OF SERVICE OF SUMMONS were issued (8 April 2019, PageID#s 41-42 and 43-45, respectively). The NOTICE OF LAWSUIT, however, didn't comply with the court rules. According to L.R. 5-7(c):

> A signature on a document other than a document filed as provided under subdivision (a) must be an original handwritten signature and must be scanned into .pdf format for electronic filing.

---

[6] These documents display the important information (*i.e.*, docket number, date of entry in the electronic record, and consecutively numbered pages) in their headers. The public docket's summaries are a feeble substitute for complete documentation from the electronic record.

[7] See, for instance, Dkt.41 at 1-2 ("Plaintiff must attend a training session on proper document preparation and filing in the court. He must appear for such training <u>IN PERSON</u> in the Indianapolis Division of this court and complete such training") and Peck's 31 March 2020 MEMORANDUM IN SUPPORT at 13-17. Peck has found nothing in the court rules about in-person ECF training. Furthermore, Judge Young knew that Peck had no means of travel to Indianapolis. Dkt.41 was not practicable. It was delay for the sake of delay.

[8] There have been many egregious errors by court personnel, but this may be the worst. Peck had a right to know whether or not service had been made to REV-1, and whether or not such service was timely.

District clerk Laura Brigg's name is clearly printed within the court seal on PageID#42. Immediately below her name, however, an unnamed deputy clerk added indecipherable script that is not an "original handwritten signature". L.R. 5-7(c). It appears that REV-1, like Peck, did not immediately notice that Dkt.8's RULE 4 NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE was improper.

<u>REV-1 fails to fulfill its FRCP 4(d)(1) duty by 8 May 2019.</u>

REV-1 made no attempt to fulfill its "duty to avoid unnecessary expenses"[9] associated with the serving the summons by an FRCP 4(c)(3)-authorized person by signing and returning the clerk's WAIVER OF SERVICE OF SUMMONS (PageID#s 43-45) within 30 days (*i.e.*, by 8 May 2019). REV-1 cannot claim to have waived service of summons. See FRCP 4(d)(1), FRCP 4(e)(2)(A), FRCP 4(c)(3), Dkt.3, and PageID numbers 41[10], 42[11], and 45.[12]

---

[9] FRCP at 7 ("RULE 4 NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE").

[10] "To avoid these expenses, you must return the signed waiver within 30 days of the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy."

[11] "If you do not return the signed waiver within the time indicated, the court will direct that appropriate steps be taken to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and may require you, or the entity you represent, to pay the expenses of making service."

[12] "'Good cause' does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. * * * If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service. * * * If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served."

<u>The court does not effect formal service in an FRCP authorized manner.</u>

The court failed to direct appropriate steps "to effect formal service in a manner authorized by the Federal Rules of Civil Procedure" immediately after 8 May 2019.[13]

<u>The court's Dkt.17 (23 July 2019) is improper.</u>

On 20 April 2020 Peck first received a copy of the court's Dkt.17 (ORDER DIRECTING SERVICE). Dkt.17 reads, in its entirety:

> Defendant, Rev-1 Solutions, LLC, has not waived formal service
> of the Summons. Accordingly, the Clerk is designated pursuant to
> Rule 4(c)(3) to issue Summons and Complaint to Rev-1 Solutions
> by certified mail.

Document 17 is procedurally flawed. First, the court already granted (see above at 2) Peck's Dkt.3 request for a U.S. marshal, deputy marshal, or someone specially appointed to serve the summons and complaint. FRCP 4(c)(3). Second, Peck sees no authority for carriers of certified mail to serve summons.[14] Third, Peck sees nothing in the public record indicating that the FRCP 4(c)(3) process was served.

<u>The clerk's Dkt.18 (23 July 2019) is improper.</u>

The clerk defied Dkt.17's order. The electronic record does not show that the district clerk issued the summons and complaint pursuant to FRCP 4(c)(3).

Document 18 shows that the clerk instead reissued Dkt.8. Compare Dkt.8, PageID#s 41-45 with Dkt.18, Page ID#s 80-84. The clerk provided no explanation for this repetition. This was delay for the sake of delay.

Moreover, Dkt.18, like Dkt.8, was not properly issued. The unidentified deputy clerk's scrawl again appears (PageID#81) beneath Ms. Brigg's name. It is identical to the

---

[13] See FRCP 1: "speedy".

[14] Under FRCP 4(h)(1)(B) the typical FRCP 4(e)(1) delivery of summons and complaint to a defendant within the United States may "also" be mailed, but it does not replace, in the instant case, the FRCP 4(c)(3) delivery that the court ordered on 5 April 2019.

PageID#42 scrawl. At least one of these scrawls is not an original handwritten signature. L.R. 5-7(c). Someone committed fraud upon the court.[15] It appears that REV-1 did not immediately notice that this second RULE 4 NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE from the clerk office had been reissued and was improper.

### The clerk's Dkt.18 invites REV-11 to violate FRCP 4(d).

The clerk violated due process when she encouraged REV-1 to take a second bite at the FRCP 4(d) apple, without authorization from the court.

### REV-1 obliges the clerk and files Dkt.19 (6 August 2019).

REV-1's legal representative accepted the clerk's invitation to sign the Dkt.18 version of the Dkt.8 WAIVER OF SERVICE OF SUMMONS. Peck believes that this signed copy was returned to the clerk by electronic mail on 23 July 2019 and instantly became a part of the public record. See Dkt.19, PageID#88.

### REV-1 and the clerk have a pretense problem.

The court rules do not allow either mulligans or two waiver periods. REV-1 chose to ignore Dkt.8's deadline of 8 May 2019. REV-1 waived its right to waive service of summons.[16] Undeterred, REV-1 pretended to waive service when it filed Dkt.19. The district clerk acceded to this pretense as if this "waiver" was lawful. REV-1 and the clerk committed fraud upon the court.[17] It now appears that the court has also acceded to this pretense.

---

[15] District clerk Briggs is ultimately responsible for the actions of deputy clerks.

[16] REV-1 did not "timely waive[] service under Rule 4(d), within 60 days after the [8 April 2019] request for a waiver was sent". FRCP 12(a)(1)(A)(ii).

[17] It is an ancient maxim in the Western world that all things are presumed against a wrongdoer. *In odium spoliatorisomnia præsumuntur* ("To the prejudice (in condemnation) of a despoiler all things are presumed; every presumption is made against a wrongdoer.")

Judge Young's Dkt.30 (30 January 2020) alters the entire course of this civil action.

In filing his complaint, Peck was attentive to the requirements of FRCP 3 and FRCP 5.[18] For the first 13 months after Peck brought this action on 12 December 2018, the court did not find his complaint (Dkt.1) untimely. On 30 January 2020, however, Judge Young abruptly, and incorrectly, decided that Peck had *not* filed his complaint within the one-year time frame specified by 15 USC § 1692k(d).

## Numerous Issues Are Before the Court

For the sake of brevity, Peck will not list all of the issues that need adjudication by Judge Young, the only judge authorized to participate in this civil action. Peck here points out a handful of issues that Judge Young has not yet ruled on.

- MOTION FOR CENSURE (Dkt.43, 8 March 2020):

    WHEREFORE, Peck moves the court for an order of censure for Tim A. Baker's malfeasance.[19]

- MOTION TO BE IMMEDIATELY INFORMED OF ALL FINAL DECISIONS (7 May 2020), a clarification of Dkt.47:

    WHEREFORE, Peck moves the district court to order the district clerk to print copies of any and all final judgments, orders, and proceedings entered into the record and cause these copies to be mailed to Peck in a timely manner—that is, on the day of the court order with the envelope's postmark showing this date—and promptly forward this case to the appellate court once the final judgments, orders, or proceedings are entered into the record.

- MOTION FOR ASSIGNMENT OF LOCAL RULE 5-3(g) LOG-IN AND PASSWORD (Dkt.37, 17 February 2020):

---

[18] "Peck timely filed in accordance with FRCP 5(d)(2)(A)." Peck's 19 May 2020 MEMORANDUM IN SUPPORT at 1-2. See also pages 4-8.

[19] The substance of this motion appears in the accompanying MEMORANDUM SHOWING CAUSE (8 March 2020). The parties have not given their explicit written consent to the participation of magistrate judges in this civil action. *Cf.* Dkt.9, PageID#48 and Dkt.38-1?, PageID#161?). Such judicial malfeasance is not legally tolerable.

> WHEREFORE, Peck moves the court for an order that authorizes Peck to file electronically using an assigned ECF log-in and password. L.R. 5-3(g).
>
> ADDITIONALLY, Peck moves the court for an order that grants his request to file electronically in a manner consistent with the technical standards established by the Judicial Conference of the United States.
>
> FURTHERMORE, Peck moves the court for a copy of the L.R. 5-1(c) "CM/ECF Policies and Procedures Manual".
>
> MOREOVER, Peck moves the court to either (a) accept Peck's findings of fact and conclusions of law about these matters or (b) furnish its own findings and conclusions.

- MOTION FOR CLARIFICATION OF THE PRISON LITIGATION REFORM ACT (Dkt.23, 26 August 2019):

  > The Court's July 23 order did not speak to the issue before the *Robbins* court, did not accept Peck's May 9 findings of fact and conclusions of law about the Prison Litigation Reform Act (and thus 28 USC § 1915, as amended by Pub. L. 104-134), and did not furnish the Court's own findings and conclusions on these legislative/statutory matters.
  >
  > WHEREFORE, Peck moves the Court for clarification of its July 23 order.[20]

Judge Young continues to repeat his earliest statements about *Robbins v. Switzer* and the 28 USC § 1915 and the Prison Litigation Reform Act filing fees of prisoners and ex-prisoners (*i.e.*, "non-prisoners") proceeding *in forma pauperis*. *Cf.* Dkt.6 and Dkt.30 at 3-4. Judge Young also continues to repeat his earliest statements about *Farley v. Koepp* and timely filing of complaints. Dkt.30 at 1-2. Such repetition is inappropriate; Peck brought specific issues about these matters before the court. Peck's requests for appropriate, applicable, and unassailable findings of fact and conclusions of law have not been provided. *Farley* and *Robbins* are inapposite to the instant case. Judge Young

---

[20] The substance of this motion appears in the accompanying MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF THE PRISON LITIGATION REFORM ACT (Dkt.24, PageID#s101-106).

incorrectly dismissed Peck's first, second, third, fifth, sixth, seventh, and eighth causes of action.

Peck has been denied L.R. 5-3(g) access to the court's ECF system whereby he can read all documents in the record. Again, Peck only recently received paper copies of Dkt. Nos.6, 7, 8, 15, 16, 17, 18, and 30 due to the district clerk's professional negligence.[21]

### Conclusion

Three and a half months after Peck filed his complaint, district judge Young began to participate in this action.[22] Judge Young was not watchful of either his docket or the calendar. It was another three and a half months before Judge Young decided (Dkt.17, PageID#79) that the time was ripe to serve the summons and complaint. The documents in the electronic record that Peck has been allowed to see do not show that the summons and complaint were ever served. Court personnel, including Judge Young, have not construed, administered, and employed the Federal Rules of Civil Procedure to secure just, speedy, and inexpensive determinations of this civil action's proceedings. FRCP 1.

Respectfully submitted,

_____          _11 JUNE 2020_____
Norman Peck, Plaintiff                           Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

---

[21] For instance, on 4 May 2020 Peck filed documents directly with the clerk and furnished L.R. 5-10(b) additional copies. Peck did not receive these copies (file-stamped "May 07 2020") from the clerk until 4 June 2020.

[22] See Dkt.6, ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, 2 April 2019, which granted Peck's Dkt.2. Cf. Peck's 9 May 2019 MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF FILING FEES at 2-4; Dkt.14 at 1, fn.2; Dkt.23 at 1; Dkt.24 at 1-6; and 31 March 2020 MEMORANDUM IN SUPPORT at 3-4, fn.8.

## Certificate of Service

Peck certifies today's filing/serving of this MEMORANDUM IN SUPPORT by delivering it

- by certified U.S. Mail (#7019 1640 0002 3106 7854) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204

- by first-class U.S. Mail to Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142

_/s/_ _____  
Norman Peck, Plaintiff  
P.O. Box 273  
Kokomo, Indiana 46903  
Telephone number: None  
Facsimile number: None  
Email address: legal_stuff@use.startmail.com

_11 JUNE 2020_  
Date

Enclosures:
- Additional copy of this MEMORANDUM IN SUPPORT for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).
- RENEWED MOTION TO BE IMMEDIATELY INFORMED OF ALL FINAL DECISIONS
- RENEWED MOTION TO STRIKE DEFENDANT'S FILINGS
- RENEWED MOTION FOR CENSURE
- MOTION TO STRIKE ALL MAGISTRATE JUDGE FILINGS
- MOTION FOR DISQUALIFICATION
- MOTION FOR CLARIFICATION OF *FARLEY V. KOEPP*
- MOTION FOR COMPLETE COPIES OF ECF FILINGS
- ENTRY OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUERIS, MOTION REQUEST SERVICE OF PROCESS, AND MOTION FOR LEAVE TO FILE ELECTRONICALLY (5 April 2019, docket number and PageID numbers still unknown to Peck).