IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Norman Peck,<br>    Plaintiff,<br><br>v.<br><br>REV-1 Solutions, LLC,<br>    Defendant | Case No. 1:18-cv-03989 |

**FILED**
4:34 pm, Jun 24, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

### RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff-nonmovant Norman Peck comes before this district court today to file this RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

On 19 May 2020 Peck received an envelope from REV-1 containing Documents 56 and 57.[1]

On 27 May 2020 Peck received another REV-1 mailing that contained additional copies of Dkt.56, Dkt.57, and a NOTICE REGARDING THE RIGHT TO RESPOND AND SUBMIT EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.[2]

REV-1 bases Dkt.56 on the premise that there is no genuine dispute as to any material fact. Peck has often noted REV-1's failure to dispute Peck's material facts. It now appears that REV-1 believes that it has presented a contentious issue of material fact that Peck failed to dispute and disprove. REV-1, however, has never proposed this position before and Peck sees nothing in the public record to support it.

---

[1] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (PageID#s279-280) and DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (PageID#s281-285), both dated 12 May 2020.

[2] This NOTICE displayed no document or PageID numbers.

Document 57's "Statement of Material Facts Not in Dispute"

In reference to Peck's fourth cause of action, Document 57 (at 2) enumerates four items that seem to suggest that REV-1's legal representative works solely at "517 US Highway 31 N. Greenwood, IN 46142" and that this address is REV-1's only office. Furthermore, Dkt.57 seems to suggest that "Community Health Network" and "Perfiniti Insurance" employees also work in this same office. REV-1 apparently misunderstands Peck's fourth cause of action:

> "Although the FDCPA does not say what a 'true name' is, its import is straightforward: A debt collector may not lie about his institutional affiliation." The Seventh Circuit declared: "Notices sent to debtors must not confuse them about the verification rights established by the Fair Debt Collection Practices Act". Additionally, a debt collector's violation of 15 USC §1692e "is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." Furthermore, the unsophisticated-consumer test applies to §1692e and §1692f. Peck, again, is confused. REV-1 seems to be posing as "Community Health Network"—or vice versa. Peck seeks judgment in his favor for the defendant's deceptive and misleading representation of the true name of its business, company, or organization. [Dkt.1 at 15]

Document 57 is uninformative about REV-1's "true name" and where REV-1, as a legal entity, is registered to do business. Document 57 is also uninformative about REV-1's business, company, and organizational structure, such as REV-1's other offices—*e.g.*, its principal office—in Indiana and elsewhere. Document 57 mentions "Perfiniti Insurance" and "Community Health Network" but provides no information about REV-1's institutional affiliation with them. "A debt collector may not lie about his institutional affiliation." *Sheriff v. Gillie*, 578 U.S. ____, case #15-338 (2016), slip op. at 9. Document 57 (at 3) suggests that REV-1 was *not* "posing as [']Community Health Network['] or —vice versa". Moreover, Dkt.57 (at 3) asserts that the 9 October 2018 correspondence from 517 US Highway 31 N. Greenwood, IN 46142 was "mailed to Plaintiff by Community Health Network in partnership with Perfiniti Insurance. (Exhibit A)." Document 57 and the 9 October 2018 correspondence provide no evidence of this assertion. It

should not be hard to locate the individual who sent the 9 October 2018 correspondence to Peck. Perfiniti Insurance and Community Health Network employees work in the same office as REV-1's legal representative. Yet Dkt.57 suggests that REV-1 has no affiliation with either Perfiniti Insurance or Community Health Network.

REV-1's four enumerated items (Dkt.57 at 2) are irrelevant to Dkt.1's fourth cause of action.

Document 30

Document 57 (at 1) briefly mentions the district court's Dkt.30[3]:

> On January 30, 2020 this Court granted in part Defendant's [Dkt.25] Motion to Dismiss (Dkt. 30). The Court dismissed Counts I, II, III, V, VI, VII, and VIII."

REV-1 first brought the existence of Dkt.30 to Peck's attention. Dkt.32 at 1 ("[an] order of this Court … *Dkt. 30*, pg. 2.") Compare with, for example, Peck's

- 16 February 2020 MOTION FOR COPIES OF FILINGS [Dkt.35] at 1;
- 31 March 2020 MEMORANDUM IN SUPPORT at 2 ("Dkt.30 is only one of several court filings that Peck has never seen");
- 19 May 2020 MEMORANDUM IN SUPPORT at 1 ("Peck, having received in his mailbox the packet of documents the district clerk mailed on [16[4]] April 2020, has now read through its contents and has now read the court's Dkt.30. Peck asserts that Dkt.30 misinterprets fact and law."); and
- 11 June 2020 MEMORANDUM IN SUPPORT at 7 and 8.

Document 30 dismissed seven of Peck's eight causes of action based on the falsehood that Peck did not bring this lawsuit within 15 USC § 1692k(d)'s filing period. Compare with REV-1's Dkt.26 and Peck's numerous rebuttals.

---

[3] ENTRY OF MOTION TO DISMISS (30 January 2020, PageID numbers 131-4).
[4] Peck received Dkt.30—and other important documents in this case—on 20 April 2020. Peck should have received copies of these documents long before then. The court violated Peck's right to due process.

Peck's 19 May 2020 filings

On 19 May 2020[5], Peck filed/delivered to the district clerk his 19 May 2020 AFFIDAVIT SHOWING AMOUNT DUE ON CLAIMS ASCERTAINED BY COMPUTATION, JUDICIAL NOTICE OF PLAINTIFF'S SECOND BILL OF COSTS, and MEMORANDUM IN SUPPORT[6], in which Peck set out facts that would be admissible in evidence showing that REV-1 had defaulted, Peck's claim is for a sum made certain by computation and the clerk's duty was to enter judgment for that amount and costs against REV-1.[7] On the other hand, the electronic record does not show that REV-1 was ever issued the Summons and Complaint as ordered. See Peck's 11 June 2020 MEMORANDUM IN SUPPORT at 2-6 and 9. *Cf.* Dkt.17 and Dkt.18.

"Statement of Material Facts in Dispute"

REV-1 failed to show (see above at 2-3) that there are no genuine disputes as to any material fact and is entitled to judgment as a matter of law. FRCP 56(a). The movant's brief (Dkt.57) did not contain facts that are determinative of Dkt.56. L.R. 56-1(a)(1). Document 57 did not contain facts as to which the movant contends there is no genuine issue. L.R. 56-1(a)(2).

Conclusion

Nonmovant Peck, supports his assertions in this RESPONSE with citations from particular parts of materials in the record, including documents, electronically stored information, and affidavits.

In contrast, movant REV-1 has not supported its assertion that a fact cannot be or is genuinely disputed by citing to particular parts of materials in the record, including documents, electronically stored information, and affidavits. FRCP 56(c)(1)(A).

---

[5] Immediately before finding REV-1's Dkt. 56 and 57 in his mailbox.
[6] Peck also included his MOTION TO STRIKE in this mailing.
[7] FRCP 55(b) (Entering a default judgment):
    (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Throughout this action REV-1 has consistently failed to properly support its assertions of fact and failed to properly address Peck's assertions of fact as required by FRCP 56(c). The court may consider Peck's facts undisputed for purposes of today's motion and issue an appropriate order dismissing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. FRCP 56(e).(2) and (4).

See today's MOTION TO DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Submitted,

_____     *18 JUNE 2020*
Norman Peck, Plaintiff            Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

### Certificate of Service

Peck certifies today's filing/serving of this RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT by delivering it

- by certified U.S. Mail (#7019 1640 0002 3106 7878) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204
- by first-class U.S. Mail to Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142

_____     _18 JUNE 2020_____
Norman Peck, Plaintiff                                     Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone / facsimile number: None
Email address: legal_stuff@use.startmail.com

Enclosures:
- Additional copy of RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).
- Today's MOTION TO DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
- Proposed order for MOTION TO DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT