Case 1:18-cv-03989-RLY-TAB   Document 77   Filed 08/04/20   Page 1 of 11 PageID #: 394

FILED
2:06 pm, Aug 04, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Norman Peck,
    Plaintiff,

v.

REV-1 Solutions, LLC,
    Defendant

Case No. 1:18-cv-03989

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff-movant Norman Peck files this memorandum in support of PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. Peck supports the facts herein by citing particular parts of materials in the record, including documents, electronically stored information, affidavits, or other materials. Federal Rules of Civil Procedure (FRCP) 56(c).

#### Introduction

This civil action involves claims Peck brought against REV-1 on 12 December 2018 for REV-1's violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, *et seq*. There is no genuine dispute as to the material facts, which Peck once again asserts.

#### Plaintiff's Statement of Material Facts Not in Dispute

1. Peck received REV-1's 12 December 2017 debt collection letter on 14 December 2017.[1]

2. In his 19 December 2017 response, Peck sought REV-1's validation and competent evidence of the purported debt.[2]

---

[1] See Dkt.1 at 6–7.

[2] Peck does not automatically conclude and insist that he does not owe a debt when dunned. But if a debt collector's claim is unclear, Peck may insist upon proof. If refused, a civil action based on the Fair Debt Collection Practices Act and the Fair Credit Reporting Act might ensue, as it did in this case.

3. Peck allowed REV-1 nearly 11 months (19 December 2017 to 15 November 2018) to process and respond to his requests for validation and competent evidence.

4. When Peck did not receive REV-1's response by 15 November 2018, he mailed REV-1 on that day a draft version of his complaint and his NOTICE OF PENDING LAWSUIT in which he offered to settle in out-of-court negotiations.

5. REV-1 did not respond to Peck's 15 November 2018 correspondence.[3]

6. Peck abided by the requirements of the FRCP throughout the course of events leading up to, and subsequent to, timely commencing this civil action on 12 December 2018[4] by delivering his complaint and three other filings through United States Postal Service (USPS) mail to the district clerk two days prior to the 15 USC § 1692k(d) one-year deadline.[5]

7. In filing his complaint, Peck was attentive to the language of FRCP 3, 4, 5, 7, 8, 10, and 11.[6]

8. Compliance with the FDCPA and the rules of the FRCP—including, *inter alia*, FRCP 3, 4(c)(3), 5(d)(2)(A), and 7(a)(1)—provided circumstances that were within Peck's control.[7]

---

[3] Received and signed for by Gloria Elliott. PS Form 3811, item #9590940212885285400843.

[4] Peck's 11 June 2020 MEMORANDUM IN SUPPORT at 1.

[5] "**Commence**. To initiate by performing the first act or step. To begin, institute, or start. *Civil action* in most jurisdictions is commenced by filing a complaint with the court. Fed.R. Civil P. 3." Black's Law Dictionary, sixth edition, at 268. See 15 USC § 1692k(d): "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy … within one year from the date on which the violation occurs." See Black's Law Dictionary, sixth edition, at 194: "**Brought**. Taken; carried. Past tense of 'bring'." *Cf.* Peck's 19 May 2020 MEMORANDUM IN SUPPORT at 1–2.

[6] See, *e.g.*, Peck's 31 March 2020 MEMORANDUM IN SUPPORT (Dkt.50) at 7 and 19 May 2020 MEMORANDUM IN SUPPORT at 2 ("Peck timely filed in accordance with FRCP 5(d)(2)(A)"). See also *id.* at 4-8 and at 7, fn.18.

[7] Peck's 19 May 2020 MEMORANDUM IN SUPPORT at 2 and 11 June 2020 MEMORANDUM IN SUPPORT at 7, footnote 18. In filing his complaint, Peck enclosed an additional copy of his complaint for REV-1 to be served under FRCP 4(c)(3). Dkt.1 at 24.

9. On 18 December 2018 the clerk received and entered Peck's 12 December 2018 complaint into the court record as Dkt.1.

10. Peck sought relief (Dkt.1 at 23) based, in large part, on three 15 USC § 1692k(a) paragraphs.[8]

11. On 10 April 2019, nearly four months after filing suit, Peck received district clerk Laura A. Briggs' mailing of Judge Young's 5 April 2019 ENTRY ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUERIS [sic], MOTION REQUEST SERVICE OF PROCESS, AND MOTION FOR LEAVE TO FILE ELECTRONICALLY.[9]

12. Judge Young's 5 April 2019 ENTRY[10] ordered Ms. Briggs to issue process to REV-1 pursuant to FRCP 4(c)(3)[11] and in the manner specified by FRCP 4(d).[12]

13. Eleven months later, on 4 March 2020, Peck received copies of the court-filed Dkt. Nos. 7 and 16 from Clerk Briggs.[13]

14. Another month and a half later, on 20 April 2020, Peck received a thick envelope from Clerk Briggs postmarked 16 April 2020 containing copies of some of the documents in the

---

[8] See Peck's 19 May 2020 AFFIDAVIT SHOWING AMOUNT DUE ON CLAIMS ASCERTAINED BY COMPUTATION (date of entry, docket number, and PageID numbers still unknown to Peck) at 1, item 13.

[9] See similar wording in Judge Young's 8 April 2019 Dkt.7 (ENTRY ON PLAINTIFF'S MOTION REQUESTING SERVICE OF PROCESS, AND MOTION FOR LEAVE TO FILE ELECTRONICALLY) at 1–2. N.B. The public docket shows that Judge Young only became involved in this civil action on 2 April 2019 (Dkt.6) 104 days after Peck brought suit. Cf. FRCP 1.

[10] Peck still does not know this ENTRY's docket number, PageID numbers, or date of entry into the electronic court record. See Dkt.50 at 4.

[11] FRCP 4(c)(3): "*By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

[12] See, e.g., FRCP 4(d)(1) WAIVING SERVICE: "(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."

[13] Peck's 31 March 2020 MEMORANDUM IN SUPPORT (Dkt.50).

court's electronic case filing (ECF)[14] system that Peck had requested, including Dkt. Nos. 6, 7, 8, 15, 16, 17, 18, and 30, among others.

15. Shortly thereafter Peck read Dkt.7 and learned that the clerk had been designated to issue process to REV-1 "in the manner specified by Rule 4(d)."[15]

16. Peck also learned, from Dkt.8, on or shortly after 20 April 2020, that Clerk Briggs, pursuant to FRCP 4(d), had issued NOTICE OF LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS (PageID#s41–42) and WAIVER OF SERVICE OF SUMMONS (PageID#s43–45) to REV-1 on 8 April 2019.

17. In Dkt.8 Clerk Briggs notified REV-1 of the consequence of not signing and returning the 8 April 2019 WAIVER OF SERVICE OF SUMMONS within 30 days.[16]

18. REV-1 did not return the signed WAIVER OF SERVICE OF SUMMONS within 30 days of 8 April 2019, thereby waiving its right to waive service of summons.[17]

19. REV-1 admitted to its non-return of Clerk Briggs' 8 April 2019 waiver form.[18]

20. REV-1 had sixty (60) days to file and serve an answer or motion under FRCP 12 once Clerk Briggs sent the Dkt.8 request. Dkt.8, PageID#43. Cf. FRCP 4(d)(3).

---

[14] S.D. Ind. L.R. 5-1(c).

[15] Judge Young's 5 April 2020 ENTRY prematurely mentions the FRCP 4(c)(3) process. The FRCP 4(d) waiver of service process must be completed before the service of summons and complaint.

[16] See FRCP 4(d)(1)(D)-(F). Cf. Dkt.8, PageID#41:
> This is not a summons. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days from the date shown below, which is the date this notice is sent [i.e., 8 April 2019].

[17] Peck's 11 June 2020 MEMORANDUM IN SUPPORT at 4, fn.10. [ERRATUM: Peck's 11 June 2020 MEMORANDUM at 6, fn.16 incorrectly cites FRCP 12(a)(1)(A)(ii) instead of Dkt.8, PageID#42.] REV-1 made no attempt to fulfill its "duty to avoid unnecessary expenses". Dkt.8, PageID#42. Peck's 11 June 2020 MEMORANDUM IN SUPPORT at 4 and 6.

[18] REV-1's 28 May 2020 DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE at 2 ("It is clear from the record that Defendant did not respond to the April 08, 2019 Notice.")

21. If REV-1 failed to file and serve an answer or motion under Rule 12, a default judgment would be entered against REV-1. Dkt.8, PageID#43.[19]

22. REV-1 did not file and serve an answer or motion under FRCP 12 within 60 days of 8 April 2019.[20]

23. REV-1's inaction resulted in its default on or about 8 June 2019.

24. On or shortly after receiving Clerk Briggs' 16 April 2020 mailing, Peck learned that she had ignored REV-1's default and sent REV-1 a *second* waiver form, replicating Dkt.8. Dkt.18 (23 July 2019, PageID#s80–84).

25. There is no legal authority for a second waiver period.[21]

26. Dkt.18 invited REV-1 to violate FRCP 4(d).[22]

27. On 6 August 2019 REV-1 obliged Clerk Briggs by signing and returning (see Dkt.19) her illegal Dkt.18.[23]

28. REV-1 pretended to waive service after it had waived its right to waive service on or about 8 June 2019.[24]

29. REV-1 cannot object to the absence of a service of summons.[25]

30. Clerk Briggs and REV-1 committed fraud upon the court.[26]

---

[19] Compare with FRCP 55 and Peck's 19 May 2020 AFFIDAVIT SHOWING AMOUNT DUE ON CLAIMS ASCERTAINED BY COMPUTATION.

[20] Peck's 19 May 2020 at 3, fn.10: "On 6 August 2019 REV-1 filed its *first* documents into the record, long after expiration of its 60-day deadline. REV-1 had already defaulted."

[21] *Id.* ("The court rules do not allow either mulligans or two waiver periods.")

[22] Peck's 11 June 2020 MEMORANDUM IN SUPPORT at 6 ("The clerk violated due process when she encouraged REV-1 to take a second bite at the FRCP 4(d) apple.")

[23] *Id.*

[24] *Id.*

[25] 11 June 2020 MEMORANDUM IN SUPPORT at 4, fn.12 quoting Dkt.8, PageID#45 and Dkt.18, PageID#84 ("If the waiver is signed and returned … you cannot object to the absence of a summons or of service.")

31. Because of its default, REV-1 lacks standing to deny liability for all factual allegations now deemed admitted.[27]

These are essential material facts that were not disputed prior to REV-1's default on or about 8 June 2019. The last filings entered into the court record before this date were Peck's Dkt. Nos.9–14 (9 May 2019) and Clerk Briggs' Dkt.8 (8 April 2019). Because court documents 6, 7, 8, 15, 16, 17, 18, and 30 were revealed to Peck long after REV-1's default, this civil action has lived an unnaturally long life. The additional material facts stated after REV-1's default are not in dispute and irrelevant. Peck would conclude this memorandum now except for the fact that Tim A. Baker's illegal activities in this civil action are so flagrant that Peck feels compelled, once again, to spotlight Mr. Baker.

32. On 14 February 2020 Peck received REV-1's Dkt.32 (PageID#s136–137), which referenced a court filing ("*Dkt. 30*") unknown to Peck. Dkt.36 at 1.

33. On 16 February 2020, Peck requested a copy of Dkt.30, and other such documents unknown to him, that he had not received from Clerk Briggs.[28] Dkt. Nos. 35 and 36.

34. On 16 February 2020, Peck also requested a copy of the public docket. Dkt.34.

35. The 28 February 2020 version of the public docket that Peck received from Clerk Briggs listed a Document 31 as "SCHEDULING ORDER: Status Conference set for 2/20/2020

---

[26] *Id.*

[27] Peck's 19 May 2020 AFFIDAVIT SHOWING AMOUNT DUE ON CLAIMS ASCERTAINED BY COMPUTATION at 1, items 7 and 8.

[28] Dkt.35 at 1: "It appears that the district clerk has not been mailing Peck all of the documents in the public docket." By 16 February 2020, Peck had received a mere handful of court documents. Dkt.36. Compare with Dkt.39 at 3: "ANSWER asserts that seven of Peck's eight causes of action 'are now dismissed.' Peck will only be able to address such assertions after he has received and had sufficient time to read documents in the public docket that he has not yet seen".

11:00 AM in Telephonic before Magistrate Judge Tim A. Baker" and entered into the public docket on 3 February 2020.[29]

36. Peck did not receive a timely copy of this document from Clerk Briggs.

37. No 28 USC § 636 magistrate judge, such as Mr. Baker, had authority to participate in or to conduct any proceeding in this civil action. Dkt.9, PageID#48.

38. This 3 February 2020 document was the first time—to Peck's knowledge—that Mr. Baker acted under color of law in this civil action in which he had no authority to act as a judicial officer.

39. A subsequent court filing—see item 41. below—shows that this 20 February 2020 "status conference" occurred.

40. This 20 February 2020 conference was the second time—to Peck's knowledge—that Mr. Baker acted under color of law in this civil action.

41. On 7 March 2020 Peck received an envelope from Clerk Briggs that contained a document titled ORDER ON FEBRUARY 20, 2020,[sic] TELEPHONIC STATUS CONFERENCE dated 27 February 2020 and issued by Mr. Baker.[30]

42. According to this 27 February 2020 "Order", Mr. Baker and REV-1's counsel had an *ex parte* telephonic conference.

43. This 27 February 2020 "Order" was the third time—to Peck's knowledge—that Mr. Baker acted under color of law in this civil action.

44. The 16 April 2020 version of the public docket that Peck received from Clerk Briggs lists Dkt.45 as entered into the public docket on 18 March 2020 and summarized as "ORDER

---

[29] Peck consistently states his lack of a telephone in his filings.

[30] According to the 16 April 2020 version of the public docket that Peck received from Clerk Briggs on 20 April 2020, Mr. Baker's "ORDER" was entered into the court record as Dkt.40. Peck does not yet know the PageID number of this document.

denying Plaintiff's 42 Motion for Transcript of February 20 ex parte conference. The 02/20/2020 telephonic status conference was not conducted on the record and, therefore, a transcript does not exist. Signed by Magistrate Judge Tim A. Baker on 3/18/2020."

45. Peck has not received a copy of Dkt.45 from Clerk Briggs.

46. Based on the public docket, Dkt.45 was the fourth time—to Peck's knowledge—that Mr. Baker acted under color of law in this civil action.

47. Peck received from Clerk Briggs a complete copy[31] of Dkt.52 on 20 April 2020.

48. Document 52 was signed on 16 April 2020 by Mr. Baker.

49. Mr. Baker presumed an authority he does not possess.[32]

50. Document 52 was the fifth time—to Peck's knowledge—that Mr. Baker acted under color of law in this civil action.

51. No magistrate judge ever had the authority to grant or deny any motions in this case.

52. The dilemma Mr. Baker finds himself in with his repeated acts of malfeasance is one of his own making.[33]

## Legal Standards

It was held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) that under FRCP 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (*id.* at 317, 322); "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

---

[31] That is, displaying the header shown in the ECF system.

[32] See Peck's 8 March 2020 MOTION FOR CENSURE (Dkt.43), 8 March 2020 MEMORANDUM SHOWING CAUSE, 4 May 2020 MEMORANDUM IN SUPPORT at 3, and 11 June 2020 MEMORANDUM IN SUPPORT at 7 and at 7, fn.19.

[33] See, *e.g.*, Peck's 8 March 2020 MEMORANDUM SHOWING CAUSE at 3 ("If a magistrate judge (*e.g.*, Mr. Baker) was involved, he committed a wrongful, unauthorized act—that is, engaged in malfeasance.") See also Peck's 4 May 2020 MEMORANDUM IN SUPPORT at 3 ("It appears that Mr. Baker has once again committed malfeasance while Peck's Dkt.43 awaits adjudication.")

renders all other facts immaterial" (*id.* at 317, 323); and "[t]here is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim" (*id.* at 318, 324). Furthermore, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case" (*id.* at 318, 324). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. ... In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' Fed.Rule Civ.Proc. 56(e)." *Matsushita v. Zenith Ratio Corp.*, 475 U.S. 574 (1986) at 586-587. "[T]he requirement is that there be no genuine issue of material fact. * * * As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) at 248. *Cf.* Dkt.1 at 2, fn.5.

### Plaintiff's Argument

Throughout this civil action Peck has properly addressed REV-1's assertions of fact and properly supported his assertions of fact, as he does again today. FRCP 56(e), FRCP 56(c), S.D. Ind. L.R. 7-1(b)(3), and S.D. Ind. L.R. 56-1. The materials REV-1 cited do not establish the absence or presence of a genuine dispute.[34] FRCP 56(c)(1)(B). There is an absence of evidence to support REV-1's case. There is nothing in dispute about these issues.

---

[34] See Dkt. Nos. 57, 57-1, and 46.

## Conclusion

Peck assertions about the essential and genuine material facts at the time of REV-1's default on or about 8 June 2019 are potentially determinative of PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and as to which there is no genuine issue. S.D. Ind. L.R. 56-1(a). Peck has cited particular parts of materials in the record, including documents, affidavits, and electronically stored information in the court record. FRCP 56(c)(1)(A). REV-1 did not file and serve an answer or motion under FRCP 12 within 60 days of 8 April 2019. Because of its default, REV-1 lacks standing to deny liability for any and all factual allegations now deemed admitted. These facts are undisputed. Instead of displaying an abundance of caution, Mr. Baker displayed contumacy. The district court may not hear Mr. Baker in this case. Clerk Briggs was not authorized to enter documents submitted by an unauthorized person into the electronic record of this civil action. Clerk Briggs and REV-1 committed fraud upon the court. Plaintiff-movant Peck has shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law under on all eight counts in his complaint. FRCP 56(a). The attached PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT should be granted in full.

Respectfully submitted,

_____        29 JULY 2020
Norman Peck, Plaintiff                 Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

## Certificate of Service

Peck certifies today's filing/serving of this MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT by delivering it today

- by certified U.S. Mail (#7019 1640 0002 3106 7908) to the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204
- by first-class U.S. Mail to Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142

_____       29 JULY 2020
Norman Peck, Plaintiff       Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None
Email address: legal_stuff@use.startmail.com

Enclosures:
- Additional copy (pages 1 and 11) this MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).
- PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
- Proposed order for PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT