UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORMAN PECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03989-RLY-TAB |
| | ) | |
| REV-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING REV-1'S MOTION FOR SUMMARY JUDGMENT**

Norman Peck contends two collection letters sent by Rev-1 Solutions, LLC violated various provisions of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692, *et seq*. The court granted Rev-1's motion to dismiss as to claims related to one of those letters because Peck filed this suit more than a year after the letter was received. The court now grants Rev-1's motion for summary judgment as to the other letter because the letter was not sent by REV-1 nor does it seek to collect a debt.

**I.    Background**

The merits of this case are relatively straightforward. The procedure not so much. Peck's propensity to serially file motions combined with several anomalies on the court's end have resulted in a procedural nightmare. To streamline the issues, the court starts from the beginning and recounts the entire history of this case. The court then discusses several of Peck's procedural contentions before eventually turning to the merits.

1

*The Collection Letters.* Peck received a collection notice from Rev-1 on December 14, 2017 (the "First Collection Letter"). (Filing No. 1, Complaint ¶ 1).[1] Peck says this letter, among other things, did not identify Rev-1 as a debt collector and sought to collect a debt owed by someone else. (*Id.* ¶ 3). Peck then received another letter on October 13, 2018 (the "Second Collection Letter"). (Complaint ¶ 4). This letter contained "Community Health Network" letterhead and discussed Medicare coverage. (*Id.*). It was sent from 517 US Highway 31 N. Greenwood, IN 46142—the same address where Rev-1 is located. (Complaint ¶ 4). Peck contends both letters violate the FDCPA.

*The Filing of the Complaint.* Peck filed this lawsuit on December 18, 2018. (*See* Complaint at 1). He contends he signed, dated, and mailed his complaint on December 12, 2018, (*see* Filing No. 61, Peck's Brief in Support of Motion to Strike at 1 – 2), but the clerk did not receive and stamp it "filed" until December 18, 2018. (Complaint at 1).

*Requests to Proceed In Forma Pauperis and for CM/ECF Access.* Along with the Complaint, Peck filed a motion for leave to proceed *in forma pauperis* and a motion for leave to file electronically. (Filing Nos. 2 and 4). The court granted Peck's request to proceed *IFP* and explained that he would still have to eventually pay the filing fee. (*See* Filing No. 6). Peck sought reconsideration of that determination, but the court ultimately denied his request and explained he remained liable for the full filing fee. (Filing Nos. 12 and 16).

---

[1] Claims related to this letter were dismissed on January 30, 2020 pursuant to a motion to dismiss, so Rev-1 has not admitted these allegations. However, the court discusses this first letter because several of Peck's pending motions relate to this letter.

With respect to his request to file electronically, the court denied Peck's request, explaining he had not shown any cause to depart from the usual rule that only attorneys have access to CM/ECF.  (Filing No. 7).  Peck sought reconsideration of that determination too.  (Filing No. 10).  The court ultimately granted his reconsideration motion and added his e-mail to CM/ECF so that he could receive updates via e-mail.  (Filing No. 15).  Due to a clerical error, the court did not send instructions for access to the CM/ECF system, so Peck responded with a motion for log-in credentials several months later.  (Filing No. 37).  The court granted this motion on February 28, 2020 and directed Peck to attend an in-person training session on CM/ECF before March 27, 2020.  (Filing No. 41).  On March 18, 2020, the courthouses in the Southern District of Indiana closed due to COVID-19.  *See* General Order re: Closure of Court Facilities to the Public Related to COVID-19 (March 18, 2020), https://www.insd.uscourts.gov/sites/insd/files/Court%20General%20Order%20RE%20COVID-19%20-%203-19-20.pdf.  Peck had not yet attended a training session by this time.  His e-mail address still remained in CM/ECF, though, so he was receiving all filings in this case electronically.

Since he continued to request copies of filings on the docket, the court directed him to clarify whether he wished to receive service of the orders electronically or by mail.  (Filing No. 52).  Peck never responded.  The court thus revoked his access to receive service electronically, and Peck has since received all filings via U.S. mail.  (*See* Filing No. 63).

*Service of Process*.  Since Peck was proceeding *IFP*, the court was responsible for service.  The usual course is to send the defendant a Notice of Lawsuit and Waiver ("Waiver Notice"), and if the defendant does not respond to that, then the court issues a formal summons.  The court issued a Waiver Notice on April 8, 2019.  (Filing No. 8).  Rev-1 did not respond, so the court directed the clerk to issue a summons to Rev-1.  (Filing No. 17).  The clerk inadvertently issued another Waiver Notice instead of the summons.  (Filing No. 18).  Rev-1 responded to the second notice, and the lawsuit proceeded.  (Filing No. 19).

*Rev-1's Motion to Dismiss.*  On September 9, 2019, Rev-1 filed a motion to dismiss Peck's complaint.  (Filing No. 25).  Rev-1 argued Peck's claims related to the First Collection Letter were untimely since he filed his Complaint more than one year after the alleged violations occurred.  Rev-1 contended Peck's claim related to the Second Collection Letter failed to state a claim because the letter was neither sent by Rev-1 nor was it a letter that sought collection of a debt.  (*Id.* at 2 – 7).  The court agreed with Rev-1 as to the First Collection Letter but disagreed with Rev-1 as to the Second Collection Letter.  (Filing No. 30, Order on Rev-1's Motion to Dismiss).  Because the Second Collection Letter was sent from the same address as Rev-1's office address and the court had not yet seen the letter, the court found Peck had at least plausibly alleged a violation.  (*Id.*).

*Motions for Summary Judgment*.  Dispositive motions were due by June 1, 2020.  (Filing No. 40).  Rev-1 filed a motion for summary judgment as to the Second Collection letter on May 12, 2020.  (Filing No. 56).  As part of its submission, Rev-1 submitted the

Second Collection Letter.  (Filing No. 57-1).  Peck file a motion for summary judgment on August 4, 2020.  (Filing No. 76).  The court, however, struck that filing as untimely. (Filing No. 87).  The court therefore only considers Rev-1's motion for summary judgment.[2]

## II.     Legal Standard

Rule 56 authorizes the court to grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  When reviewing a motion for summary judgment, the court construes the facts and draws all reasonable inference from them in the light most favorable to the non-moving party. *Henry v. Hulett*, 969 F.3d 769, 774 (7th Cir. 2020).  Summary judgment is appropriate when the moving party shows there is an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.

## III.    Discussion

Rev-1 argues summary judgment is appropriate because the Second Collection Letter was sent by a completely different entity and, in any event, is not an attempt to collect a debt.  Peck responds that Rev-1 is affiliated with "Community Health Network" and "Perfiniti Insurance", and a debt collector cannot avoid liability by lying about its institutional affiliation.  Peck also faults Rev-1 and the court for many perceived

---

[2] Even if the court did not strike this filing, Peck would not be entitled to summary judgment for reasons laid out in the court's discussion of the merits.

5

procedural shortcomings. The court takes these in the inverse: it will first address Peck's procedural points and then discuss the merits.

*Default Judgment.* Peck first argues that he is entitled to a default judgment because Rev-1 did not respond to the court's first Notice of Lawsuit and Waiver. (*See* Filing Nos. 86, 88, and 90; *see also* Filing No. 68). Peck is mistaken. A plaintiff is entitled to a default judgment when the defendant fails to file an answer within twenty-one days after receiving the *summons* and *complaint*, Fed. R. Civ. P. 12(a)(1)(A)(i), or within sixty days after a waiver was sent *and the defendant timely waives service.* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* Fed. R. Civ. P. 55. But neither of those occurred here. The clerk sent the first Waiver Notice on April 8, 2019. (Filing No. 8). Rev-1 did not respond, so the court then directed the clerk to issue a summons and the complaint. This is unusual, but permissible; Rev-1 was not required to respond to the notice. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (describing how a plaintiff must resort to more formal service of process if a defendant does not waive service); *see also Jarrells v. Select Pub., Inc.*, 35 F. App'x 265, 267 (7th Cir. 2002). The clerk issued a second Waiver Notice on July 23, 2019, and Rev-1 timely responded. (Filing Nos. 18 and 19). There are no grounds for default.

To Peck's credit, his motion does highlight two irregularities. First, Rev-1 did not respond to the court's first Waiver Notice nor did it provide good cause for its failure to do so. Fed. R. Civ. P. 4(d)(1); (*see also* Filing No. 64, Rev-1's Response in Opposition to Motion to Strike). When this happens the court must impose costs and attorneys' fees for effectuating service. Fed. R. Civ. P. 4(d)(2). But Peck did not send the notice; the court

6

did, and so the court would be entitled to those expenses, not Peck.  Second, the clerk inadvertently sent a second Waiver Notice, instead of the summons and complaint.  The court acknowledges this was a mistake, but mistakes happen.  Rev-1 timely responded to the second Waiver Notice, so there are no grounds to default Rev-1 for issuance of the wrong forms.  And since the court can set aside default judgments for good cause anyway, *see* Fed. R. Civ. P. 55(c), the clerk's mistake was harmless.  *See Ward v. United States*, 218 F.2d 885, 885 – 86 (4th Cir. 1995).  Peck's motions asking for default judgment or seeking to strike Rev-1's filings due to its alleged default (Filing Nos. 68, 74, 86, 88, 90, and 91) are all **DENIED**.

*The Magistrate Judge's Rulings*.  Peck seeks to strike all of the Magistrate Judge's rulings in this matter because he never consented to the participation of a Magistrate Judge, (*See* Filing Nos. 43, 66, 69); in fact, he explicitly rejected any participation from the Magistrate Judge:

> **NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO MAGISTRATE JUDGE**
>
> *Notice of magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.
>
> You may consent to have your case referred to the currently assigned magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.
>
> *Consent to magistrate judge's authority.* If all parties consent to have the currently assigned United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings, they should sign their names below (electronically or otherwise). Should this case be reassigned to another magistrate judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect. NOTICE: This document is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in the Case Management Plan.
>
> [Handwritten, with "NO CONSENT" written diagonally across the form:]
> PLAINTIFF NORMAN PECK (...) HEREBY (9 MAY 2019) EXPLICITLY, CLEARLY, UNAMBIGUOUSLY, AND EXPRESSLY DENIES (i.e., FORBIDS) CONSENT FOR ANY AND ALL MAGISTRATE JUDGES TO CONDUCT ANY AND/OR ALL PROCEEDINGS IN THIS CIVIL ACTION. 28 USC § 636(c)(1)

(*See* Filing No. 9). But under the Magistrate Judges Act, a district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A); *see also Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). Since all of the issues referred to Judge Baker were pre-trial, non-dispositive matters that fall under § 636(b)(1)(A), Peck's consent was not required. *See United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020). Judge Baker has been thorough and diligent in this matter, and upon review of his orders issued in this case, the court has not found any order wrong let alone clearly erroneous. Peck's motions challenging the Magistrate Judge's rulings (Filing Nos. 43, 66, and 69) are all **DENIED**.

*Filing Fee.* Peck maintains he does not have to pay the filing fee after the court granted him *in forma pauperis* status because he is not a prisoner. (*See* Filing No. 73).

8

That is incorrect. The *in forma pauperis* statute applies to non-prisoners as well, so Peck will still be required to pay the filing fee. *Robbins v. Switzer*, 104 F.3d 895, 898 – 99 (1997); *Pope v. Krueger*, 762 F. App'x 347, 349 (7th Cir. 2019).

*Disqualification.* Peck has filed a motion to disqualify the undersigned. He does not provide any basis for such relief, so his motion for disqualification (Filing No. 70) is **DENIED**.

*Merits.* With respect to the First Collection Letter, the court previously held that Peck brought his claims too late. (Order on Rev-1's Motion to Dismiss at 1 – 2). The FDCPA requires claims to be brought within one year of the alleged violation. 15 U.S.C. § 1692k(d). Peck received the First Collection Letter on December 14, 2017. (Complaint ¶ 1). Although Peck says he signed, dated, and mailed his complaint on December 12, 2018, (*see* Filing No. 61, Peck's Brief in Support of Motion to Strike at 1 – 2), the clerk did not receive the envelope nor stamp "filed" on his Complaint until December 18, 2018:



(Filing No. 1-2, Envelope).

(Complaint at 1).

Since his complaint was not "filed" until December 18, 2018, the court held the FDCPA's limitations period barred his claims. *See* 15 U.S.C. § 1692k(d).

Peck insists this conclusion is wrong. He says the complaint was "filed" as of December 12, 2018 because that is the date he signed the complaint and placed it in the mail. (*See* Filing. No. 71 at 1 – 2). The law says otherwise. As the court previously explained, a complaint is filed when the clerk actually receives it, not when the plaintiff mails it. *See* Fed. R. Civ. P. 5(d); *Farley v. Koepp*, 788 F.3d 681, 685 (7th Cir. 2015) (holding a complaint is filed on the date it is delivered to the clerk); *Robinson v. Doe*, 272 F.3d 921, 922 – 23 (7th Cir. 2001) (noting a complaint is filed when the court clerk receives the complaint); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 – 605 (7th Cir. 2006) ("Unlike some state court rules, the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail."); *id.* at 605 (holding a response was filed on the date the response was stamped "filed"). Peck's claims related to the First Collection Letter were brought too late.[3]

With respect to his claim as to the Second Collection Letter, Rev-1 is entitled to summary judgment because the letter is not a collection letter at all, and Peck has no evidence that Rev-1 actually sent it. (*See* Second Collection Letter at 1 – 3). The letter was sent by "Community Health Network" and discusses Medicare coverage. (*Id.*). The letter announces a partnership between "Community Health Network" and "Perfiniti Insurance". (*Id.*). Nowhere does the letter mention Rev-1, and Peck has failed to provide

---

[3] In light of this paragraph, Peck's motion for a clarification of *Farley v. Koepp* (Filing No. 71) is **GRANTED**.

any evidence that Rev-1 sent the letter. On top of that, the letter does not seek to collect a debt. *See* 15 U.S.C. § 1692e (prohibiting deceptive practices "in connection with the collection of any debt"). Peck suggests that Rev-1 is affiliated with "Community Health Network" and "Perfiniti Insurance", but he lacks any evidence supporting that assertion. Summary judgment is therefore appropriate. *Celotex*, 477 U.S. at 325.

*Remaining Motions*. This Entry will be mailed to Peck. His motion to be immediately informed of all decisions (Filing No. 67), motion for non-oral proceedings (Filing No. 81), and motion for district judge rulings (Filing No. 84) are therefore **DENIED as MOOT**.

His motions requesting copies and a docket sheet (Filing Nos. 72, 82, 83, and 89) are **GRANTED in PART**. The clerk is directed to send him a copy of the docket sheet. The clerk is also directed to send him copies of all court orders since the court's Entry on Peck's Procedural Motions. (Filing No. 52). The court has already sent him copies of filings prior to that ruling. (*See* Filing No. 63). The orders the court will send Peck are the court's Entry and Order on Motions (Filing No. 63); the court's Order denying Plaintiff's motion to strike (Filing No. 65); and the court's Order Striking Peck's Motion for Summary Judgment (Filing No. 87). To the extent Peck seeks copies of his own filings or Rev-1's since that date, his motion is **DENIED**.

IV.  Conclusion

For the reasons above, Rev-1's Motion for Summary Judgment (Filing No. 56) is **GRANTED**. Peck's motions asking for default judgment or seeking to strike Rev-1's filings due to its alleged default (Filing Nos. 68, 74, 86, 88, 90, and 91) are all **DENIED**.

Peck's motions challenging the Magistrate Judge's rulings (Filing Nos. 43, 66, and 69) are all **DENIED**.  Peck's motion for disqualification (Filing No. 70) is **DENIED**.  Peck's motion for a clarification of *Farley v. Koepp* (Filing No. 71) is **GRANTED**.  His motion to be immediately informed of all decisions (Filing No. 67), motion for non-oral proceedings (Filing No. 81), motion for district judge rulings (Filing No. 84) are **DENIED as MOOT.**  His motions requesting copies and a docket sheet (Filing Nos. 72, 82, 83, and 89) are **GRANTED in PART** and **DENIED in PART**.

Along with this entry, the clerk is directed to send Peck a copy of the docket sheet and copies of the court's Entry and Order on Motions (Filing No. 63); the court's Order denying Peck's motion to strike (Filing No. 65); and the court's Order Striking Peck's Motion for Summary Judgment (Filing No. 87).

Final judgment shall accompany this order.  Peck has thirty days from the date this order is signed to appeal the court's judgment to the Seventh Circuit.

**SO ORDERED** this 28th day of September 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Mail to:
**NORMAN PECK**
P.O. Box 273
Kokomo, IN 46903