IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Norman Peck,<br>   Plaintiff,<br><br>   v.<br><br>REV-1 Solutions, LLC,<br>   Defendant | Case No. 1:18-cv-03989 |

**FILED**
**10/05/2020**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

### PETITION FOR DECLARATORY JUDGMENT
### REGARDING THE CLARITY of 28 USC § 636

Plaintiff-petitioner Norman Peck comes before the Court seeking a ruling under 28 USC § 2201 and Rule 57 of the Federal Rules of Civil Procedure (FRCP). Peck does not seek declaratory relief. Peck seeks only the Court's judgment about a specific question that declares the rights and other legal relations of the parties.

……………………………………….

According to 28 USC § 636(e)(6)(A), a United States magistrate judge presides with the consent of the parties.[1]

According to 28 USC § 636(c)(1):

> Notwithstanding any provision of law to the contrary— (1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

---

[1] "[I]n any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, …".

According to 28 USC § 636(c)(2):

> Notwithstanding any provision of law to the contrary— (2) If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

According to *Grayned v. City of Rockford*, 408 U.S. 104 (1972) at 108-109:

> A. Vagueness
> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms."

**WHEREFORE**, Peck prays for a declaratory judgment from the Court that declares the rights and other legal relations of the parties on the following question:

- **Is the language of 28 USC § 636 sufficiently clear and explicit for a federal magistrate judge to fully comprehend the limited scope of his official duties?**

Submitted,

_[signature]_                                        01 October 2020
Norman Peck, plaintiff-petitioner                    Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None

### Certificate of Service

Peck certifies today's filing/serving of this PETITION FOR DECLARATORY JUDGMENT REGARDING THE CLARITY OF 28 USC § 636 by first-class U.S. Mail to

- the Office of the Clerk, 105 U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204, and
- Nicholas Moline, 517 U.S. Highway 31 North, Greenwood, Indiana 46142

_[signature]_                                        01 October 2020
Norman Peck, plaintiff-petitioner                    Date
P.O. Box 273
Kokomo, Indiana 46903
Telephone number: None
Facsimile number: None

Enclosures:
- Additional copy of PETITION FOR DECLARATORY JUDGMENT REGARDING THE CLARITY OF 28 USC § 636 for the district clerk to return to Peck in the enclosed self-addressed envelope, which is big enough and has enough postage. S.D. Ind. L.R. 5-10(b).
- Proposed order for PETITION FOR DECLARATORY JUDGMENT REGARDING THE CLARITY OF 28 USC § 636.